**In the Matter of the Parental Rights of TLB.**

**KAC, Appellant (Plaintiff/Petitioner),**

**v.**

**SR, Appellee (Defendant/Respondent).**

**No. C-88-8.**

Supreme Court of Wyoming.

April 4, 1989.

Dallas J. Laird, Casper, for appellant.

No appearance for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

MACY, Justice.

This appeal is from an order dismissing appellant's petition to terminate child support decreed in a paternity action on the basis of the doctrine of judicial estoppel.

We vacate and remand.

Appellant phrases the issue as:

WHETHER OR NOT THE APPELLANT IS JUDICIALLY ESTOPPED FROM HAVING A COURT OF COMPETENT JURISDICTION REVIEW HIS PETITION TO DETERMINE WHETHER OR NOT HE SHOULD HAVE TO PAY CHILD SUPPORT?

On May 21, 1985, a child was born out of wedlock in Gillette, Wyoming, to appellant

KAC (father) and appellee SR (mother). On July 18, 1986, of his own volition, the father filed a complaint in the district court pursuant to Wyo.Stat. §§ 14–2–101 to –120 (1977),[1] seeking to have his paternity established and the obligation of child support imposed upon him. The mother answered and counterclaimed, praying for the same relief in addition to permanent primary care, custody, and control of their child. The mother also requested that a guardian *ad litem* be appointed by the court to represent the child in the paternity proceeding; however, the record on appeal fails to reflect that one was appointed or that anyone in any capacity ever represented the child.

On September 12, 1986, the father responded and requested a hearing on the matter. Before the hearing was held, the father and mother negotiated and entered into a written agreement concerning their child. In the agreement, the parties waived their rights to the scheduled hearing and stipulated, among other things, that:

1. The father was the natural father of the child;

2. The mother would have primary care, custody, and control over the child;

3. The father would have no rights of visitation;

4. The father would pay child support in the amount of $175 per month;

5. The mother could claim the child as a federal income tax exemption;

6. The father would never make personal contact with the mother or the child regarding the agreement or the child's welfare;

7. The child's birth certificate would not be changed to reflect the father's paternity; and

8. The father, by separate written agreement incorporated into the general agreement, relinquished all parental rights to the child.

The relinquishment, which consented to the dismissal of the father's complaint, also stated:

I relinquish all my parental rights to the child and will permanently and without the possibility of revocation be without any rights to the child including any right to custody of the child at any time, any right to visitation with the child, and any right to be notified of the whereabouts or welfare of the child.

Finding that the parties entered into the agreement freely and voluntarily and deeming it to be in the best interests of the child, on March 5, 1987, the district court entered its "DECREE OF PATERNITY AND ORDER FOR CUSTODY AND SUPPORT" without a hearing. The order, in pertinent part, provided that the father was the natural father, that the mother would have permanent primary care, custody, and control over their child, that the father would not be entitled to exercise visitation rights with the child, and that the father would pay child support in the amount of $175 per month.

The father paid the first month's child support payment but thereafter failed to comply with the order. As a result, the mother filed and served a notice of delinquency upon the father on April 16, 1987. The father responded with a petition to stay service of order for withholding and notice to payor, stating:

I feel that it has not been proven that I am the father of the child. I feel that I am not and I feel very strongly about this. She has been seeing other people since we me[ ]t.

Relying upon the father's earlier admission of paternity contained in his complaint, the district court denied the petition and ordered the father's employer to withhold income for the child support payments from the father's wages.

1. Section 14–2–104(c) provides:

An action to determine the existence of the father and child relationship with respect to a child who has no presumed father under W.S. 14–2–102 may be brought by the child, the department of health and social services, the mother or personal representative of the child, the personal representative or a parent of the mother if the mother has died or is a minor, a *man alleged or alleging himself to be the father,* or the personal representative or a parent of the alleged father if the alleged father has died or is a minor. (Emphasis added.)

On November 24, 1987, the father filed a petition to terminate his child support obligation, arguing that, since his parental rights had "in essence" been terminated by the district court's March 5, 1987, order, he was no longer obligated to pay child support pursuant to Wyo.Stat. § 14-2-317 (1977).[2] The mother responded with an answer, a counterclaim, a motion to dismiss, and an accompanying memorandum, asserting that the petition should be dismissed on the grounds of *res judicata,* waiver, and judicial estoppel.

The district court, after a hearing, dismissed the father's petition on February 22, 1988, relying upon the doctrine of judicial estoppel. This appeal followed.

When a paternity action is filed, § 14-2-107 requires, in part, that:

> The child *shall* be made a party to the action. If he is a minor he *shall* be represented by his guardian or a guardian ad litem appointed by the court. The child's mother or father may not represent the child as guardian or otherwise.

(Emphasis added.) Section 14-2-108(a) further requires, in part, that:

> As soon as practicable after an action is brought to declare the existence or nonexistence of the father and child relationship, an informal hearing *shall* be held.

(Emphasis added.) Section 14-2-111 provides in substance that, on the basis of an evaluation of the information provided at the informal hearing, the court or referee conducting the hearing shall make a recommendation *to the parties.* This recommendation may include, *inter alia,* either that the action be dismissed as not being in the best interests of the child to have a judicial declaration of paternity or that the alleged father acknowledge his paternity of the child. This statute further provides that, if *the parties accept the recommendation,* judgment shall be entered accordingly or that, if *a party refuses to accept the recommendation,* the matter shall be set for trial.

■ Notwithstanding the directives of the above-mentioned statutes, the child was not made a party to the action nor was a guardian *ad litem* appointed to represent the child's best interests in the proceeding or in negotiating the agreement which the court adopted in its paternity decree. Further, the agreement was not the product of the required informal hearing or the recommendation of the court. The mandates of the statutes were clearly ignored. These statutes, being in derogation of the common law, must be strictly construed and carefully adhered to, and the failure to do so renders the "DECREE OF PATERNITY AND ORDER FOR CUSTODY AND SUPPORT" entered in this matter void and of no force or effect. *JHL v. BMG,* 665 P.2d 491 (Wyo.1983).

■ It is not necessary to take any steps to have a void judgment vacated. *Id.* This Court has the inherent power to vacate a void judgment. *Emery v. Emery,* 404 P.2d 745 (Wyo.1965).

The issue raised on appeal is moot as a void judgment leaves the parties in the same position as they were in before it was entered. *JHL,* 665 P.2d 491. Accordingly, the void decree of paternity and order for custody and support is vacated, and we remand for further proceedings pursuant to and in compliance with §§ 14-2-101 to -120.

Vacated and remanded.

---

2. Section 14-2-317 provides in pertinent part:

   An order terminating the parent-child legal relationship divests the parent and the child of all legal rights, privileges, duties and *support obligations* with respect to each other except the right of the child to inherit from the parent shall not be affected by the order. (Emphasis added.)