**MAK–M and DMM, a Minor Child, Appellants (Petitioners),**

**v.**

**SM, Appellee (Respondent).**

**No. C–92–7.**

Supreme Court of Wyoming.

June 8, 1993.

Roger Cowan of Harris, Morton & Cowan, P.C., Evanston, for appellants.

Paul Thomas Glause of James & Glause, Rock Springs, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

TAYLOR, Justice.

Appellant, the biological mother (mother), appeals from the district court's dismissal of her petition to determine nonexistence of paternity of the presumed father (appellee).

We affirm.

The mother raises two issues:

I. Whether appellee presented any evidence to entitle him to dismissal or summary judgment as a matter of law.

II. Whether the trial court's dismissal is contrary to the Wyoming Uniform Parentage Act and the adoption laws of the State of Wyoming.

Appellee frames the issues as follows:

1. Whether the trial court abused its discretion in dismissing the Petition to Determine Non–Existence of Paternity and for Child Custody after finding that the action was not brought within a reasonable time.

2. Whether there was sufficient evidence presented to support the findings of the trial court in dismissing the Petition to Determine Non–Existence of Paternity and for Child Custody.

3. Whether the trial court's dismissal is contrary to the Wyoming Parentage Act and the adoption laws of the State of Wyoming.

## FACTS

In early 1986, during the time that appellee and the mother were dating, the mother became pregnant. On November 12, 1986, the mother gave birth to a baby boy (child). The child was given appellee's surname on the child's birth certificate, and the mother had, until this action, maintained that appellee was the natural father as named on the child's birth certificate. Approximately four months after the child's birth, appellee and the mother were married.

Two years after the child's birth, the mother moved to another state, taking the child with her. Several months after arriving in the other state, the mother placed her child under the care and custody of the child's maternal grandmother. One year later, in May of 1990, the grandmother returned the child to appellee in Wyoming. Since that time, the child has been under the care and custody of appellee.

After the return of his child, appellee filed for and was granted a divorce from the mother by default. On September 26, 1991, the district court entered a decree of divorce in favor of appellee and against the mother, awarding appellee the care, custody and control of the child.

Just prior to the issuance of the divorce decree, but well after appellee's complaint for divorce was filed, the mother filed a petition to determine nonexistence of paternity and for child custody against appellee. Over the next year, appellee filed two separate motions to dismiss the mother's petition and the mother filed a motion for summary judgment as well as a motion to set aside the divorce decree. On October 21, 1992, the district court issued a decision letter which dismissed the mother's petition because the mother had failed to bring the action within a reasonable time after the birth of the child as required by Wyo.Stat. § 14–2–104(a)(ii) (Cum.Supp.1992).[1] The mother challenges the propriety of this dismissal.

## DISCUSSION

### Best Interests of the Child

▮ The mother, in addition to a determination of nonexistence of paternity, also seeks custody of the child. We are, therefore, required to focus primarily on the best interests and welfare of the child. *Matter of Adoption of R.S.C.*, 837 P.2d 1089, 1092 (Wyo.1992); *see also Matter of SAJ*, 781 P.2d 528, 530 (Wyo.1989) (the best interests of a child are irrelevant in an action purely to establish paternity). In a similar case, dealing with determining the

care, custody, and parenthood of a child of ambiguous biological lineage, this court described the principles which shape its inquiry into the best interests of the child:

In contemplating the best interests of the child and the child's welfare, we note there is a strong policy against bastardy. * * * In support of that policy, the Wyoming Legislature has enacted stringent provisions that tend to insure children born during wedlock will not be considered illegitimate. *That presumption of paternity is sufficiently strong in certain instances to override even the fact of biological parenthood.*

*Matter of Adoption of R.S.C.*, 837 P.2d at 1093 (emphasis added). In this instance, we agree with the district court and find that the best interests of this child will be served by sustaining appellee's presumptive parenthood.

▮ On this same topic, the Supreme Court of Kansas provides persuasive reasoning in response to the argument that the best interests of a child will always be served by a paternity determination of his or her biological father. That court wrote:

The shifting of paternity from the presumed father to the biological father could easily be detrimental to the emotional and physical well-being of any child. Although someone may suffer, it should never be the child, who is totally innocent and who has no control over or conception of the environment into which he or she has been placed.

*Matter of Marriage of Ross*, 245 Kan. 591, 783 P.2d 331, 338–39 (1989). While the mother's petition does not seek to shift paternity but only to deny paternity, we think the reasoning explained above is equally applicable. Since the child is now almost seven years old, appellee is the only father the child has ever known, and because both the child and appellee were mislead for almost five years concerning their biological relationship, we feel that sustaining appellee's presumptive parenthood

---

1. On November 19, 1992, the district court issued two orders: (1) dismissal of the mother's petition to determine nonexistence of paternity, and (2) dismissal of the mother's motion to set aside the divorce decree.

would promote the best interests of the child. Regardless of the identity of the true biological father, appellee and the child have formed a family unit and we will not now disrupt this stability and continuity to the detriment of the child. *See Happel v. Mecklenburger*, 101 Ill.App.3d 107, 56 Ill.Dec. 569, 427 N.E.2d 974, 983 (1981).

*Dismissal*

Since the district court dismissed the mother's petition, we consider the facts alleged in the mother's complaint as admitted and we view the mother's allegations in the light most favorable to her. *Matter of Paternity of JRW*, 814 P.2d 1256, 1259 (Wyo.1991) (citing *Mostert v. CBL & Associates*, 741 P.2d 1090, 1092 (Wyo.1987)).

The mother makes two arguments. First, she claims the dismissal was in error because there was insufficient evidence before the district court for it to find that the petition was not timely filed. Second, the mother alleges that the dismissal of her petition is inconsistent with Wyoming's statutes concerning parentage and adoption because it results in a de facto adoption.

The district court found, based on the facts alleged in the pleadings, that appellee was the presumptive father of the child under Wyo.Stat. § 14–2–102(a)(iii) (1986), and that the mother had failed to bring the petition to determine nonexistence of paternity within a reasonable time as required by Wyo.Stat. § 14–2–104. We must determine whether the district court, based on the information provided in the pleadings, could have concluded and found as it did.

Wyo.Stat. § 14–2–102(a) provides:

(a) A man is presumed to be the natural father of a child if:

\*      \*      \*      \*      \*      \*

(iii) *After the child's birth, he and the child's natural mother married* or attempted to marry each other by a marriage solemnized in apparent compliance with law \* \* \*; *and:*

(A) He has acknowledged his paternity of the child in writing filed with the state office of vital records services; or

(B) *With his consent, he is named as the child's father on the child's birth certificate;* or

(C) He is obligated to support the child under a written voluntary promise or by court order;

(iv) While the child is under the age of majority, he receives the child into his home and openly holds out the child as his natural child.

(Emphasis added.) Wyo.Stat. § 14–2–104 provides, in part:

(a) A child, his natural mother or a man presumed to be his father under W.S. 14–2–102(a)(i), (ii), or (iii) may bring action:

\*      \*      \*      \*      \*      \*

(ii) For the purpose of declaring the nonexistence of the father and child relationship presumed under W.S. 14–2–102(a)(i), (ii), or (iii) only if the action is brought within a reasonable time after obtaining knowledge of relevant facts, but in no event later than five (5) years after the child's birth. \* \* \*

(b) Any interested party may bring an action at any time for the purpose of determining the existence or nonexistence of the father and child relationship presumed under W.S. 14–2–102(a)(iv).

The mother's petition provides ample support for the district court's conclusion that appellee is the child's presumptive father under Wyo.Stat. § 14–2–102. First, the mother admits that she and appellee were married soon after the child's birth. Second, she admits that appellee was named, albeit mistakenly, as the child's biological father on the child's birth certificate. Without a doubt, these two facts place appellee squarely within the language of Wyo.Stat. § 14–2–102(a)(iii)(B). Therefore, we find, based solely on the information contained in the mother's pleadings, that the district court did not abuse its discretion in concluding that appellee was the child's presumptive father under Wyo.Stat. § 14–2–102(a)(iii).

Since the district court properly concluded that appellee is a presumptive father, the next step is to determine if, under

Wyo.Stat. § 14–2–104(a)(ii), the mother's petition was brought "within a reasonable time after obtaining knowledge of relevant facts." In our review of the district court's determination that the mother did not file this action within a reasonable time, we are guided by several principles. First, deciding the issue of a reasonable time is a question of fact for the district court; therefore, we will not substitute our judgment for that of the district court. Second, "to conclude that a reasonable time had not expired, we must find an abuse of discretion on the part of the trial court." *Matter of Adoption of R.S.C.*, 837 P.2d at 1094. In *Matter of Adoption of R.S.C.*, this court affirmed a finding that a "reasonable time" had passed where the parties were aware that the presumptive father was not the biological father for almost four years before the petition to declare nonexistence of paternity was filed. *Id.* at 1094.

■ Again, the mother's pleadings contain sufficient support for the district court's determination that a reasonable time had passed. First, the child was born in November 1986 and the mother's petition was filed in September 1991; nearly five years after the child's birth. Second, the mother was distinctly aware, at the time of the child's birth, that the biological father could easily be someone else. Third, despite the mother's knowledge concerning the child's true biological father, she married appellee without revealing that knowledge. Fourth, over fifteen months elapsed from the time the child was returned to appellee in Wyoming until the mother filed her petition. Last, and perhaps most convincing, over almost seven years of his life, the only "father" the child has known is the appellee.

■ We, therefore, hold that the district court properly found that the mother failed to file her petition within a reasonable time as required by Wyo.Stat. § 14–2–104(a)(ii). In reaching this decision, we are heavily persuaded by the fact that the best interests of this child lie in avoiding the stigma of illegitimacy. A ruling disestablishing the presumptive parenthood of appellee— regardless of whether the child now knows his true biological ancestry—would not be in the best interests of the child.

The mother's second argument alleges that the district court acted contrary to Wyoming's statutes governing parentage and adoption. The mother claims that the district court's dismissal results in a de facto adoption of the child by appellee, which is violative of both the Wyoming Uniform Parentage Act, Wyo.Stat. §§ 14–2–101 through 14–2–120 (1986 & Cum.Supp. 1992), and Wyoming's adoption statutes, Wyo.Stat. §§ 1–22–101 through 1–22–116 (1988 & Cum.Supp.1992).

■ Concerning the Wyoming Uniform Parentage Act's purpose and intent, we have said that "[t]he Act is primarily designed to accord all children, whether legitimate or illegitimate, Fourteenth Amendment substantive legal equality. The Act is a legislative attempt to erase the stigma associated with out-of-wedlock birth." *Matter of Paternity of JRW*, 814 P.2d at 1259–60. In reality, the district court's dismissal is completely consistent with the purposes of the Wyoming Uniform Parentage Act because by sustaining appellee's presumptive fatherhood, the district court leaves intact the child's legal legitimacy.

■ The mother is correct in stating that the Wyoming Uniform Parentage Act and Wyoming's adoption statutes must be strictly construed and that there must be substantial compliance with statutory procedures. *Matter of Adoption of AMD*, 766 P.2d 550, 552 (Wyo.1988); *Matter of TRG*, 665 P.2d 491, 497 (Wyo.1983). The mother, however, is incorrect in terming the dismissal as a de facto adoption. At this point, any reference to adoption is incorrect because under the strict construction of the Wyoming Parentage Act, appellee is the presumptive father of the child and he need not resort to adoption in order to establish his parental rights.

■ The mother mistakenly argues that the dismissal by the district court gives appellee parental rights and thus circumvents the strict procedures of the Wyoming Uniform Parentage Act. It is not the act of dismissing this case which makes appel-

lee the presumptive father. Instead, it was the actions of the mother—getting married, naming appellee as the natural father on the birth certificate, and failing to bring the petition within a reasonable time—combined with the plain language of the presumptive parent statute which makes appellee the presumptive father. Hence, contrary to the mother's argument, the district court complied with the clear mandates of the Wyoming Uniform Parentage Act.

In reviewing the record, we discovered that the child was not joined as a party to this action. Wyo.Stat. § 14-2-107 (1986) requires that the child be made a party in any paternity action, including an action to declare the nonexistence of the father and child relationship. Although neither the district court nor the parties addressed this issue, we think that the failure to join the child as a party merits brief mention. Previously, this court has held that failure to join the child and to appoint a guardian ad litem renders a paternity decree void. *Matter of TLB*, 771 P.2d 811, 813 (Wyo.1989). However, since we hold that the mother is foreclosed from her cause of action because she failed to timely file, then no action exists in which to join the child as a party, and the issue is moot.

### DISPOSITION

We affirm the order of the district court dismissing the mother's petition to determine nonexistence of appellee's paternity and to obtain custody. The district court, under the facts pleaded, properly concluded that appellee was the presumptive father of the child and that the mother was barred from bringing an action to declare the nonexistence of paternity because she failed to file the petition within a reasonable time, although she was aware for almost five years of the true circumstances of the child's birth.