**FLUOR DANIEL (NPOSR), INC., a Delaware corporation, Appellant (Defendant),**

v.

**David G. SEWARD, Appellee (Plaintiff).**

No. 97–18.

Supreme Court of Wyoming.

April 10, 1998.

Rehearing Denied May 5, 1998.

Bruce N. Willoughby & Donn J. McCall of Brown, Drew, Massey & Sullivan, Casper, for Appellant.

Mark W. Gifford of Gifford & Bonner, Casper, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

THOMAS, Justice.

The critical question presented in this case is whether the mysterious disappearance of suit documents within a corporate headquarters constitutes "mistake, inadvertence, surprise, or excusable neglect" that results in an abuse of discretion by a trial court in finding culpable conduct on the part of the defendant and refusing to set aside an entry of default and a default judgment. Collateral issues are presented with respect to fraudulent misrepresentations concerning damages and public policy considerations justifying a conclusion of abuse of discretion. David G. Seward (Seward) filed this action, claiming wrongful termination in breach of his employment contract and seeking lost wages, lost employment benefits, court costs, attorney fees and other relief deemed to be just and proper. Fluor Daniel (NPOSR), Inc. (Fluor Daniel) failed to answer the Complaint within the time permitted by the Wyoming Rules of Civil Procedure, and Seward sought and obtained an Entry of Default and a Default Judgment in the amount of $562,489.00. When Fluor Daniel sought by motion to have the Default Judgment and the Entry of Default set aside, the trial court ruled that culpable conduct by Fluor Daniel led to the Entry of Default and the Default Judgment; the neglect claimed by Fluor Daniel was not excusable; Fluor Daniel had not established fraud, misrepresentation or other misconduct by Seward that would justify relief under WYO. R. CIV. P. 60(b)(3); and neither the Default Judgment nor the Entry of Default should be set aside. We hold that the trial court did not commit an abuse of discretion with respect to its ruling, and the judgment in favor of Seward is affirmed.

In the Appellant's Brief, Fluor Daniel articulates the issues to be considered in this way:

1. Whether the district court erred in not setting aside the entry of default and default judgment entered against appellant where appellee had fraudulently misrepresented the amount of damages to which he was allegedly entitled.

2. Whether the district court erred in not setting aside the entry of default and default judgment entered against appellant as required by public policy.

3. Whether the district court erred in not setting aside the entry of default and default judgment entered against appellant where its failure to timely answer the complaint was the result of excusable neglect.

In the Brief of Appellee, filed by Seward, only one issue is set forth:

Did the district court abuse its discretion in refusing to set aside the entry of default and default judgment?

No additional issues were stated in the Appellant's Reply Brief, filed by Fluor Daniel.

On September 6, 1996, Seward commenced an action against Fluor Daniel by filing a Complaint in which he alleged wrongful termination of an employment contract by Fluor Daniel in May of 1996. He alleged that he had suffered damage in the form of lost wages and lost employment benefits because of the breach of the employment contract, and he sought relief in the form of special damages "representing the amount of compensation and benefits" which he would be entitled to under his contract of employment; costs of the action and reasonable attorney's fees; and "such other and further relief as the Court deems just and proper." Personal service was made upon Fluor Daniel on September 9, 1996, by serving its registered agent for process in Cheyenne pursuant to WYO. R. CIV. P. 4(d)(4). The Summons and Complaint were forwarded by the agent for process to Fluor Daniel's headquarters in Irvine, California on the same day by Federal Express. The agent for service of process determined that the Summons and Com-

plaint were received at Fluor Daniel's headquarters the following day, September 10, 1996.

The twenty days for Fluor Daniel to answer or otherwise plead with respect to Seward's Complaint, pursuant to WYO. R. CIV. P. 12(a), expired on September 30, 1996, and no responsive pleading was filed. On October 2, 1996, Seward filed a Motion for Entry of Default supported by the affidavit of his attorney, and the clerk of the district court, having found that Fluor Daniel had failed to answer or otherwise respond to the complaint within the required time, entered an Entry of Default. On October 7, 1996, Seward filed a Motion for Entry of Default Judgment, praying for judgment in the sum of $562,489.00, which motion was supported by Seward's affidavit and the affidavit of a certified public accountant. On the same day, Default Judgment was entered in favor of Seward and against Fluor Daniel in the sum of $562,489.00 with interest at the legal rate until paid.

An initial Entry of Appearance was made for Fluor Daniel on October 24, 1996, and on October 25, 1996, a Notice of Intent to File Motion to Vacate Default Judgment was filed as well as an Answer. On October 28, 1996, a Motion to Withdraw As Counsel of Record was filed by the initial attorney, and an Entry of Appearance was filed by another attorney. On October 29, 1996, a second answer was filed. Then on November 5, 1996, the Defendant's Motion to Set Aside Entry of Default and Default Judgment Pursuant to Wyoming Rules of Civil Procedure 55(c) and 60(b) was filed. In that motion, Fluor Daniel contended that its failure to answer or otherwise appear was the result of mistake, inadvertence and excusable neglect; the amount of the judgment was entered because of misrepresentations by the plaintiff and the plaintiff's expert witness; and that Fluor Daniel had meritorious defenses to the claims contained in the Complaint. In a memorandum filed in support of the motion to set aside default judgment and entry of default, Fluor Daniel asserted that Seward was an at-will employee who had voluntarily resigned from his employment. Fluor Daniel also contended that the large default judgment was obtained by misrepresentations of fact and was speculative in nature.

A hearing on [Fluor Daniel]'s Motion to Set Aside Entry of Default and Default Judgment Pursuant to Wyoming Rules of Civil Procedure 55(c) and 60(b) was held on November 25, 1996, and in a decision letter filed on December 3, 1996, the motion was denied. The Order that was entered by the court on December 12, 1996, contained these specific findings:

1. Culpable conduct by the Defendant led to the entry of default and default judgment. Considering the inexcusable neglect of Defendant in this instance, relief cannot be granted under Rule 60(b)(1) or (6).

2. Defendant has not met its burden of proving fraud, misrepresentation or other misconduct by Plaintiff which would entitle Defendant to relief under Rule 60(b)(3).

Fluor Daniel appealed from the Order denying its motion.

The procedure relating to judgment by default is set forth in WYO. R. CIV. P. 55, and the grounds for setting aside the default and the default judgment are articulated in WYO. R. CIV. P. 55(c), which provides:

For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

The grounds for relief from a final judgment as set forth in WYO. R. CIV. P. 60(b), alluded to in WYO. R. CIV. P. 55(c), are:

(b) *Other reasons.* On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed

or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. * * *

Good cause for setting aside an entry of default, pursuant to WYO. R. CIV. P. 55(c), is to be found in the justifications for relief from a final judgment articulated in WYO. R. CIV. P. 60(b). *Vanasse v. Ramsay*, 847 P.2d 993, 999 (Wyo.1993).

 Decisions resolving motions for setting aside the entry of default or a default judgment are made in the exercise of sound discretion by the trial court. *Lee v. Sage Creek Refining Co.*, 947 P.2d 791, 793 (Wyo. 1997); *Whitney v. McDonough*, 892 P.2d 791, 794 (Wyo.1995); *Vanasse*, 847 P.2d at 996; *Claassen v. Nord*, 756 P.2d 189, 193 (Wyo. 1988). The discretion that is invoked is defined in *Martin v. State*, 720 P.2d 894, 897 (Wyo.1986):

> Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.

 The analytical process to be invoked by the trial court in the exercise of its discretion is summarized in *Whitney*, 892 P.2d at 794. The court first must consider whether the filed motion articulates a reason for relief under WYO. R. CIV. P. 60, and that is a question of law to be reviewed for correctness. In this instance, the district court recognized the adequate articulation of reasons for relief under WYO. R. CIV. P. 60. When an appropriate reason is set forth, the exercise of discretion in granting or denying relief depends upon the facts of the case. In making that decision, the trial court is to consider whether the moving party established the articulated grounds for relief and demonstrated a meritorious defense. Even if these conclusions are in the affirmative, the trial court still must determine whether the plaintiff will be prejudiced and whether culpable conduct on the part of the defendant resulted in the default. Our review of this sequence of determinations by the trial court is limited to a determination of whether in

resolving these questions the trial court abused its discretion. *Carlson v. Carlson*, 836 P.2d 297, 301 (Wyo.1992); *followed in Whitney*, 892 P.2d at 794; *Vanasse*, 847 P.2d at 996.

 Fluor Daniel urges that its failure to answer the Complaint within the time provided in the rules was the result of excusable neglect and that the default should have been set aside pursuant to WYO. R. CIV. P. 60(b)(1). For these purposes, excusable neglect is "such behavior as might be the act of a reasonably prudent person under the circumstances." *Booth v. Magee Carpet Co.*, 548 P.2d 1252, 1255 (Wyo.1976); *quoted in Carlson*, 836 P.2d at 303. The evidence offered by Fluor Daniel of excusable neglect was the affidavit of the paralegal responsible for receiving service of process at the California headquarters. The paralegal stated that the standard practice for receiving service of process was for her office to date-stamp the documents, route them to an attorney, and internally docket them. She further stated that in this instance, the Seward Complaint and Summons somehow bypassed the system and mysteriously disappeared until October 17, 1996, ten days after the Entry of the Default Judgment, when the documents were discovered on her desk.

Fluor Daniel did not question that the process was received at its corporate headquarters on September 10, 1996, but asserts that because of a clerical or other unknown error it did not discover the Summons and Complaint until some thirty-eight days later. The explanation for the deficiency in handling was a very hectic and busy schedule described by the paralegal in her affidavit. The district court found that this explanation failed to demonstrate excusable neglect and that the culpable conduct of Fluor Daniel lead to the Entry of Default and the Default Judgment. Even though Fluor Daniel vigorously asserts that this is the first time it ever failed to answer a complaint on time, we do not review the business practices of Fluor Daniel but only the prospect of the abuse of discretion by the trial court.

We hold that the trial court could view the unexplained failure of Fluor Daniel's busi-

ness practice with respect to service of process as careless and within Fluor Daniel's control, and its finding does not constitute an abuse of discretion. *See Whitney,* 892 P.2d at 794 ("[s]ufficient grounds for relief do not exist when a party is dilatory in obtaining legal counsel and default judgment is entered against him."); *Vanasse,* 847 at P.2d 998 (primary argument that ongoing settlement negotiations constituted "excusable neglect" held insufficient); *Matter of Injury to Seevers,* 720 P.2d 899, 903 (Wyo.1986) ("failure to consult an attorney for nearly two months is not such excusable neglect as would justify relief * * *."); *Booth,* 548 P.2d at 1254 (failure to employ an attorney until 53 days following the service of process would not constitute excusable neglect).[1] We do not discern any evidence in this record that would qualitatively distinguish Fluor Daniel's neglect from the styles of neglect found insufficient to constitute excusable neglect in our prior decisions. We hold that the trial court did not abuse its discretion in concluding that the neglect was not excusable and that Fluor Daniel's culpable conduct lead to the Entry of Default and the Default Judgment.

We turn to the argument by Fluor Daniel that this Default Judgment should be set aside because of fraud, misrepresentation, or other misconduct by Seward in connection with the proof of damages. Fluor Daniel relies upon the provisions of WYO. R. CIV. P. 60(b)(3) in submitting this argument. A higher standard of proof is applicable when this ground is asserted because in order to prevail the party in default must establish the Plaintiff's misconduct by clear and convincing evidence:

> Where fraud and misrepresentation is relied upon as a ground for relief sought pursuant to a Rule 60(b) motion, it must be proved by clear and convincing evidence. Fraud is never presumed, and the burden of proof to clearly establish such fraud or misrepresentation is upon the party seeking relief.

*Stevens v. Murphy,* 680 P.2d 78, 79 (Wyo. 1984). This provision in the rule is not intended to permit the defendant to litigate the factual matters already established pursuant to WYO. R. CIV. P. 55. *See* 11 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2860 at 310–17 (1995).

In invoking WYO. R. CIV. P. 60(b)(3), Fluor Daniel advances a litany of alleged "misrepresentations" by Seward. It claims, among other things, that Seward resigned and was not terminated. Fluor Daniel also argues that Seward never was offered the promotion that his computation of damages assumed he would have received. Further, Fluor Daniel insists that the "environmental coordinator" position, that Seward contended he was offered, does not exist, and that even if he were promoted, Seward's pay scale would have remained constant.

On the record, Seward responded to all of these contentions. He directed attention to the deposition of a Fluor Daniel manager who admitted offering Seward the choice to resign or be terminated. The manager also testified by deposition that Seward's former supervisor served in the role of "environmental coordinator" and appears in that role on an organization chart of the company. The manager also revealed that he had discussed that coordinator position with Seward, but denied ever offering the position to Seward. Finally, Seward points to evidence in the record that the company had, in the past, placed that position at a higher pay scale.

The trial judge heard arguments of both of the parties and articulated his decision in a letter in this way:

> Defendant offers evidence which conflicts with some of the claims of Plaintiff. However, I am not persuaded that these factual disagreements rise to the level of demonstrating fraud or misrepresentation by Plaintiff. Factual disagreements do not necessarily demonstrate fraud or misrepresentation. There is a reasonable basis for the positions taken by Plaintiff. Therefore, I do not find that Defendant

---

1. In 1993 the Supreme Court of the United States made the concept of "excusable neglect" under the federal rules substantially more liberal. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (U.S.Tenn.1993). We elect to continue to follow our Wyoming rule.

has met its burden of proving fraud or misrepresentation.

The opinion of the trial judge is reasoned and manifests a sound judgment exercised with regard to what is right under the circumstances. We do not perceive it to be arbitrary or capricious. We acknowledge a temptation to review the damage award because of the amount awarded, but we are foreclosed from any review other than assessing the denial of the motion for relief under the abuse of discretion standard.

■■■ A final argument presented by Fluor Daniel is that it is entitled to relief under the provision of WYO. R. CIV. P. 60(b)(6) that permits relief for "any other reason justifying relief from the operation of the judgment." In *Vanasse*, 847 P.2d at 998, we espoused the concept that this provision of WYO. R. CIV. P. 60(b) should be invoked only under extraordinary circumstances. For example, we have held that grossly negligent representation by counsel does not entitle a litigant to relief under this provision. *Hochhalter v. Great Western Enterprises, Inc.*, 708 P.2d 666, 669–70 (Wyo.1985). The award in this case is significant, and the Default Judgment was entered very expeditiously, but the Wyoming Rules of Civil Procedure were complied with at all times. This is not a situation involving extraordinary circumstances entitling Fluor Daniel to relief under this provision.

Fluor Daniel has failed to establish its claimed grounds for relief under WYO. R. CIV. P. 60(b). This also demonstrates a lack of "good cause" under WYO. R. CIV. P. 55(c) to set aside the Entry of Default. *Lee*, 947 P.2d at 793–94; *Vanasse*, 847 P.2d at 999. In light of the failure to establish a meritorious ground for relief, we do not need to consider the elements of prejudice to the plaintiff, and we agree with the trial court that the culpable conduct lead to the Entry of Default and Default Judgment.

The Order denying relief under the provisions of WYO. R. CIV. P. 55(c) and 60(b) is affirmed.