**JACKSON HOLE COMMUNITY HOUSING TRUST, Appellant (Defendant),**

v.

**Pierce SCARLETT and Teresa L. Jillson, Appellees (Plaintiffs).**

No. 98–13.

Supreme Court of Wyoming.

May 10, 1999.

Christopher H. Hawks of Christopher Hawks, P.C., Jackson, Wyoming, Representing Appellant.

Teresa L. Jillson, Curt Haws and Charisse Haws of Haws & Haws, Jackson, Wyoming, Representing Appellee.

Pierce Scarlett, No timely appearance, Representing Appellee .

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

TAYLOR, Justice, Retired.

Appellant, Jackson Hole Community Housing Trust (the Trust), claims the district court erred in setting aside a default judgment against appellees, Pierce Scarlett (Scarlett) and Teresa Jillson (Jillson), when it found that the failure of counsel for Scarlett and Jillson[1] to appear at a hearing was excusable neglect pursuant to W.R.C.P. 60(b). We affirm.

## I. ISSUE

The Trust failed to include a statement of the issue in violation of W.R.A.P. 7(d). Therefore, we will review the issue as stated and addressed by Jillson:

> Whether the district court exercised proper discretion in granting plaintiffs' (appellees') motion to set aside an award of double costs and attorney's fees.

* Chief Justice at time of expedited conference; retired November 2, 1998.

## II. FACTS

The Trust initiated a project to construct affordable housing in Jackson Hole. Scarlett and Jillson, homeowners opposed to the project, filed an appeal of the Town of Jackson's permission to complete the project. While that action was pending, Scarlett and Jillson filed for an injunction. In response, the Trust claimed that these legal maneuvers were without foundation, and were solely to harass the Trust and delay the project. On that basis, the Trust filed a motion for double its attorney's fees and costs pursuant to Wyo. Stat. Ann. § 1–14–128 (Michie 1997).

The hearing on the motion for fees and costs was originally set for December 5, 1996, but was rescheduled to the afternoon of December 2, 1996. On November 26, 1996, counsel for all parties participated in a telephone conference and agreed to change the time of the hearing to the morning of December 2, 1996. The district court also issued on November 21, 1996, an Order Setting Hearing (the Order), which set "all pending motions" for a date in February 1997.

The Order was received by the Trust's counsel on November 29, 1996, the day after Thanksgiving. Being somewhat confused, he faxed a letter to the district court stating his understanding that the Order did not change the December 2 nd setting for the hearing on his client's motion for fees and costs. Copies were also faxed to counsel for Scarlett and Jillson and to the Town of Jackson's attorney. Counsel for the Town of Jackson became aware of the Order on Monday, December 2, 1996, when he arrived at his office. Also confused, he spoke with the Trust's counsel and was told that the hearing scheduled for that morning was still taking place. Counsel for Scarlett and Jillson also received the Order on the morning of December 2, 1996, but assumed it applied to all hearings, and called her clients to notify them that the hearing was once again rescheduled. Counsel for Scarlett and Jillson then made a doctor's appointment and left the office.

1. After the entry of the default judgment, Jillson obtained separate counsel.

At the hearing on December 2, 1996, in the absence of counsel for Scarlett and Jillson, the district court granted a default judgment in favor of the Trust and ordered Scarlett and Jillson to pay the Trust's fees and costs of approximately $10,000.00. Upon returning to the office, counsel for Scarlett and Jillson found the letter faxed the Friday before by the Trust's counsel which clarified the hearing time. Counsel for Scarlett and Jillson then telephoned the district court and learned that the hearing was held and that default judgment had been entered against Scarlett and Jillson. Counsel for Scarlett and Jillson immediately filed a motion to set aside the judgment pursuant to W.R.C.P. 60(b), with accompanying affidavits supporting a claim of excusable neglect.

At the evidentiary hearing on the motion to set aside the judgment, the district court determined that because all three attorneys were confused by the Order, the failure to appear was excusable neglect. The district court granted the motion to set aside the judgment, and this timely appeal followed.

### III. STANDARD OF REVIEW

"Decisions resolving motions for setting aside the entry of default or a default judgment are made in the exercise of sound discretion by the trial court." *Fluor Daniel (NPOSR), Inc. v. Seward,* 956 P.2d 1131, 1134 (Wyo.), *cert. denied,* — U.S. ——, 119 S.Ct. 507, 142 L.Ed.2d 402 (1998).

"Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously."

*Id. (quoting Martin v. State,* 720 P.2d 894, 897 (Wyo.1986)).

### IV. DISCUSSION

■ W.R.C.P. 60(b) provides, in relevant part:

On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]

Proof of any of the grounds enumerated in W.R.C.P. 60(b) amount to good cause for purposes of W.R.C.P. 55(c) as it pertains to setting aside an entry of default. *Fluor Daniel (NPOSR), Inc.,* 956 P.2d at 1134. The district court must first consider whether the filed motion articulates a reason for relief, which is a question of law. When an appropriate reason is set forth, the exercise of discretion in granting or denying relief depends upon the facts of the case. In making that decision, the district court is to consider whether the moving party established the articulated grounds and demonstrated a meritorious defense. Even so, the district court then must determine whether the plaintiff will be prejudiced and whether culpable conduct on the part of the defendant resulted in the default. *Id.*

■ In this case, the grounds articulated by Scarlett and Jillson are authorized by W.R.C.P. 60(b). Thus, our task is to determine whether the district court abused its discretion in finding this ground established by Scarlett and Jillson. Excusable neglect is " 'such behavior as might be the act of a reasonably prudent person under the circumstances.' " *Fluor Daniel (NPOSR), Inc.,* 956 P.2d at 1134 (*quoting Booth v. Magee Carpet Co.,* 548 P.2d 1252, 1255 (Wyo.1976) and *Carlson v. Carlson,* 836 P.2d 297, 303 (Wyo. 1992)). The record clearly demonstrates that all the attorneys were confused by the timing and the content of the Order. While the Trust's attorney was in his office the Friday after Thanksgiving, it is understandable that the other attorneys were not. Therefore, counsel for Scarlett and Jillson was confronted with the Order which, on first reading the morning of the scheduled hearing, could appear to reset that hearing. We find no abuse of discretion in the district court's determination that a reasonably prudent person may act in a manner similar to the counsel for Scarlett and Jillson under the same circumstances.

We also find that Scarlett and Jillson had a meritorious defense, given that the district court denied any sanctions after hearing the evidence relating to that motion. Further,

the motion to set aside the default judgment was filed the same day the judgment was entered; thus, we discern no prejudice to the Trust in setting the judgment aside, and no culpable conduct on the part of Scarlett and Jillson or their counsel. While we understand the Trust's frustration, we do not substitute our judgment for that of the trial court on questions of fact. *Mak–M v. SM,* 854 P.2d 64, 68 (Wyo.1993); *Christensen v. State,* 854 P.2d 675, 678 (Wyo.1993) (*quoting Love v. Love,* 851 P.2d 1283, 1286 (Wyo. 1993)).

## V. CONCLUSION

Finding no abuse of discretion in the district court's determination that the circumstances evidence excusable neglect, we affirm.