**R. N. CROSSAN, Appellant (Defendant and Third-Party Plaintiff),**

v.

**IRRIGATION DEVELOPMENT CORPORATION, a Wyoming Corporation, Appellee (Plaintiff),**

v.

**VALMONT INDUSTRIES, INC., a Nebraska Corporation, Appellee (Third-Party Defendant).**

**Green Circle Supply, Inc., a North Dakota Corporation, C. H. Brown, d/b/a C. H. Brown Co., and David Tritt, (Third-Party Defendants).**

**No. 5170.**

Supreme Court of Wyoming.

Aug. 15, 1979.

Rehearing Denied Oct. 3, 1979.

---

ORDER DISMISSING APPEAL

An examination of the record on file in the above entitled appeal discloses and the court finds and concludes:

1. Appellant, defendant and third-party plaintiff in the district court filed notice of appeal from two summary judgments.

2. The first summary judgment, entered on May 16, 1979, held against appellant on his counterclaim and found there no reason for delay and directed entry of judgment pursuant to Rule 54(b), W.R.C.P.

3. The second summary judgment was entered on May 21, 1979, and dismissed appellant's third-party complaint with prejudice, which judgment was entered without a Rule 54(b) certification.

4. Appellant's notice of appeal from both judgments was filed on June 12, 1979, the 27th day after the first summary judgment and the 22nd day after the second. Concurrently, appellant moved the district court for an order to allow the appeal on the ground of excusable neglect because of ignorance of the requirement of Rule 2.01 WRAP, which requires that a notice of appeal be filed within 15 days from entry of judgment.

5. This court has established precedent by unpublished orders and held that ignorance of the provisions of the Wyoming Rules of Appellate Procedure is not excusable neglect as a matter of law. *Hadley v. Plumber,* No. 5161; *Lewis v. Roper* (Wyo.), 579 P.2d 434. Excusable neglect is measured on a strict standard to take care of genuine emergency conditions, such as death, sickness, undue delay in the mails, *Bosler v. Morad,* Wyo.1975, 555 P.2d 567, and other situations where such behavior might be the act of a reasonably prudent person under the circumstances.

6. In that the partial summary judgment entered on May 21, 1979, is not appealable inasmuch as it failed to contain the certification required by Rule 54(b), W.R.C.P., an appeal may yet lie therefrom.

Upon the court's own motion, it is

ORDERED that the captioned appeal be and is dismissed.