**Clyde F. STAGNER, d/b/a West Route Trading Company, Appellant (Petitioner),**

v.

**WYOMING STATE TAX COMMISSION and State Board of Equalization, Appellees (Respondents).**

**No. 5630.**

Supreme Court of Wyoming.

April 6, 1982.

Rehearing Denied May 3, 1982.

David C. Marion and Carol Herman, Wind River Legal Services, Inc., Fort Washakie, for appellant.

Steven F. Freudenthal, Atty. Gen., Ronald P. Arnold and Philip A. Nicholas, Asst. Attys. Gen., for appellees.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Appellant petitioned the district court for judicial review of appellees' action in seizing some cigarettes which were consigned to appellant on the Wind River Indian Reservation. The seizure was made pursuant to §§ 39–6–101 through 39–6–110, W.S. 1977 [1] (re levy and collection of excise tax on cigarettes). The cause was dismissed by the district court, and appellant appeals from the order of dismissal.

We affirm.

■ One of the grounds for dismissal of the petition for review was the fact that it was not timely filed. Timely filing of a petition for review is mandatory and jurisdictional. *Department of Revenue and Taxation v. Irvine*, Wyo., 589 P.2d 1295 (1979); and *Snell v. Ruppert*, Wyo., 541 P.2d 1042 (1975).

Judicial review of administrative action is governed by Rule 12, W.R.A.P. Rule 12.01, W.R.A.P., provides:

"To the extent that judicial review of administrative action by a district court is available, any person who is aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or who is aggrieved or adversely affected in fact by any other agency action or inaction, or who is adversely affected in fact by a rule adopted by agency, may obtain such review as provided in this rule."

Rule 12.04, W.R.A.P., provides in pertinent part:

---

1. Section 39–6–106(a), W.S.1977, provides:

   "(a) Any package of cigarettes found in this state without stamps, imprints or impressions affixed thereto as provided by this article are contraband goods and may be seized without a warrant by the board or any peace officer of this state when so directed by the board. This section does not apply to cigarettes in the original unopened shipping package in the possession of or in transit to a licensed wholesaler or to owners of cigarettes not willfully or intentionally evading the tax imposed by this article."

"In a contested case, or in a noncontested case where a statute places a time limit on appeal, the petition for review shall be filed within thirty (30) days after written, certified notice to all parties of the final decision of the agency or denial of the petition for a rehearing, or, if a rehearing is held, within thirty (30) days after written, certified notice to all parties of the decision thereon, except that upon a showing of excusable neglect based upon the failure of a party to learn of the decision or action, the district court may extend the time for filing the petition for review not exceeding thirty (30) days from the expiration of the original time herein prescribed. * * *"

The extent to which such review is available is prescribed by statute:

"(a) Subject to the requirement that administrative remedies be exhausted and in the absence of any statutory or common-law provision precluding or limiting judicial review, any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or by other agency action or inaction, or any person affected in fact by a rule adopted by an agency, is entitled to judicial review * * *. The procedure to be followed in such proceeding * * * shall be in accordance with rules heretofore or hereinafter adopted by the Wyoming supreme court." Section 9–4–114(a), W.S.1977.

 Seizure of appellant's cigarettes was an agency action which was subject to judicial review. However, the request for such review must be timely, i.e., it must be within thirty days of such action or of notice of such action or of the time the person becomes aggrieved or adversely affected by such action, whichever is latest. A petition for judicial review may be timely if filed within thirty days after a rule or agency action or inaction adversely affects the person although the action, inaction, or adoption of the rule may have occurred long before that time. Likewise, a petition for review may be timely if filed within thirty days after receiving notice thereof although the action, inaction, or adoption of the rule may have occurred long before that time. In a contested case, the required notice of the decision will normally start the running of the thirty-day period.

"The law is almost elementary that whatever puts a party on inquiry amounts to 'notice.' * * * *" *Rodin v. State,* Wyo., 417 P.2d 180, 195 (1966).

 In this case, the seizure occurred on March 5, 1981. Appellant does not contest the fact that he knew of the seizure on the same day. He was adversely affected by the seizure at the time of the seizure. But it was not until April 21, 1981, that he filed his petition for review. More than thirty days elapsed between the seizing action, appellant's knowledge thereof, its adverse effect on him, and the time at which the petition for review was filed. The district court properly held that it lacked jurisdiction to proceed with the cause.

Affirmed.