**W.H.C. VENABLE, a/k/a, Cabell Venable, Appellant (Defendant),**

v.

**STATE of Wyoming, Appellee (Plaintiff).**

No. 92–119.

Supreme Court of Wyoming.

June 22, 1993.

Terry W. Mackey, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., Barbara L. Boyer, Sr. Asst. Atty. Gen., Prosecution Assistance Program, Theodore E. Lauer, Director, Brian C. Shuck and Mark Stoup, Student Interns, Laramie, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

GOLDEN, Justice.

Appellant W.H.C. Venable *aka* Cabell Venable[1] claims the district court abused its discretion in denying his motion for extension of time in which to file a notice of appeal. We find no abuse of discretion and affirm. As no appeal is now pending, we herewith direct the district court to take all appropriate steps to secure Venable's presence in this state so that the punishment heretofore imposed may be executed without further delay.

On August 27, 1991, pursuant to a written plea agreement, Venable pleaded guilty to one felony count of embezzling $255,-109.72 from Jean Pearson in violation of Wyo.Stat. § 6–3–402 (1977).[2] A sentencing hearing was conducted on February 17, 1992. On March 27, 1992, the district court fined Venable $10,000 and sentenced him to a term of not less than eighteen months nor more than four years in the Wyoming State Penitentiary. Judgment and sentence was filed on April 14, 1992.

Venable's notice of appeal had to be filed within fifteen days. Wyo.R.App.P. 2.01.[3] That time period expired on April 29, 1992. Venable filed no written notice of appeal. On May 7, 1992, one of Venable's three attorneys[4] filed a motion for extension of time to file notice of appeal. Since that motion was filed within thirty days from the entry of judgment, it was timely filed. Wyo.R.App.P. 2.01.

No sworn written testimony accompanied the motion. In the body of the motion, Venable's attorney recited, among other matters, that Venable's trial counsel had given oral notice of appeal during the pronouncement of sentencing proceeding on March 27, 1992; that the transcript of that sentencing proceeding had been filed on February 28, 1992;[5] that no written notice of appeal has been filed; that counsel filing the motion had been retained on April 22, 1992, to represent Venable in handling the appeal; and that counsel seeks the court's order authorizing the filing of an additional notice of appeal because it is unclear that a timely notice of appeal has been previously filed. Absent from the body of the motion were any allegations that excusable neglect had occurred and any statement of evidence from which facts of excusable neglect might be found. Relief was not sought on the ground of excusable neglect.

---

1. Venable was a member of the Wyoming Bar from December 9, 1980 to February 14, 1990. On the latter date, his bar membership was terminated for nonpayment of dues.

2. In exchange for Venable's guilty plea, the state dismissed twenty-eight other counts of various property crimes.

3. The Wyoming Rules of Appellate Procedure were amended, effective November 11, 1992. The time period has been enlarged from fifteen days to thirty days.

4. Attorney John E. Ackerman of Houston, Texas, represented Venable at trial and sentencing and remains as counsel of record as no withdrawal has been filed. Attorney Jeffrey J. Gonda of Worland, Wyoming, signed on Venable's behalf a supplement to defendant's sentencing memorandum which was filed March 25, 1992; he has not filed a withdrawal as counsel. Attorney Terry W. Mackey of Cheyenne, Wyoming, filed a motion for extension of time to file notice of appeal on May 7, 1992, and appeared at appellate oral argument on Venable's behalf.

5. This transcript had not, in fact, been filed. Venable's counsel so advised the district court at the outset of the May 7, 1992 hearing on the motion for extension of time to file notice of appeal.

On the same day the motion was filed, May 7, 1992, the district court conducted a hearing on the motion in which counsel participated by telephone. Venable's counsel presented no witnesses to testify under oath.

Instead of presenting sworn testimony, Venable's counsel took the approach of confessing to excusable neglect and then explaining in brief summary fashion the circumstances surrounding his entry into the case on April 22, 1992, to handle the appeal and his activities in that regard from that date until the filing of the motion on May 7. The gist of the unsworn narrative summary offered by Venable's counsel was that Venable advised him when he was retained that the notice of appeal had been filed and, therefore, he had relied upon that representation of his client. Upon being retained, Venable's counsel requested and received within five days copies of the court's order, judgment and sentence. Venable's counsel had also been told that an appeal bond was in place. During this time period, his counsel was working on other legal matters away from his office for several days. It was not until May 6 that he realized he had not been provided a copy of a written notice of appeal and a notice of appeal had not been filed. Upon learning that, he filed the motion.

In its objection to Venable's motion, the state's position was that the assertions of Venable's counsel did not amount to excusable neglect. The district court agreed with the state, saying:

> I don't find that there is any neglect on appellate counsel's part. As I understand what had happened here, Mr. Mackey was advised that the notice of appeal had been taken care of. I think he had a right to rely upon that representation. He was not negligent in what happened and so there can't be any excusable neglect. I think if there is any neglect, it was on the part of Mr. Venable himself or his counsel before Mr. Mackey.

This appeal followed.

## DISCUSSION

■ WYO.R.APP.P. 1.03 provides in pertinent part that "[t]he timely filing of a notice of appeal * * * is jurisdictional." *State v. Berger*, 600 P.2d 708, 709 (Wyo. 1979) and cases cited therein. Venable had to file his notice of appeal within fifteen days from April 14, 1992, or on or before April 29, 1992. WYO.R.APP.P. 2.01. An appellant may apply, however, for an extension of time for filing the notice of appeal. Our rule sets forth the grounds of the extension application:

> [U]pon a showing of excusable neglect the district court * * * may extend the time for filing the notice of appeal not exceeding fifteen (15) days from the expiration of the original time prescribed herein * * *.

WYO.R.APP.P. 2.01.

In his May 7 motion, Venable applied to the district court for an extension of time for filing the notice of appeal. Although Venable's counsel did not set forth in the body of the motion a statement of excusable neglect as the grounds of the motion, he orally announced such grounds at the outset of the motion hearing. The better motion practice is to set forth the grounds in the body of the written motion.

■ But the rule requires more than the movant's statement of the grounds; it requires "a showing of excusable neglect." Although some motions do not require the presentation of facts for resolution, others inherently require a factual presentation. In our judgment, a motion for an extension of time for filing a notice of appeal grounded upon a showing of excusable neglect is one of those motions that inherently requires a factual presentation. It is elementary that the district court must be presented facts upon which to exercise its discretion. The presentation of facts at a motion hearing occurs in either one of two ways or in a combination of the two ways. The movant either submits sworn written testimony of a witness by way of affidavit or deposition, or sworn live testimony, by way of direct examination of a witness. We have cautioned before that

> [m]atters alluded to by attorneys at motion hearings or in briefs are not testimony and cannot be considered.

*State v. Zespy*, 723 P.2d 564, 565 (Wyo. 1986) (citation omitted).

■ With the foregoing requirements in mind, we consider Venable's motion. His counsel submitted neither sworn written nor sworn live testimony in support of the motion. Instead of evidence, Venable's counsel presented an unsworn narrative summary of events. That was not admissible testimony and could not have been properly considered by the district court on the question whether a showing of excusable neglect had been made.

Evidence which is relied on to sustain a motion for an extension of time for filing a notice of appeal under WYO.R.APP.P. 2.01 must be as carefully tailored and professionally correct as any evidence which is admissible in court at the time of trial. As the burden was on Venable to make a showing of excusable neglect and he failed to present evidence from which such a showing could be made, the district court quite correctly denied the motion.

■ Assuming for the purposes of this opinion that the narrative summary of events stated by Venable's counsel was properly before the district court, we would still affirm that court's denial of the motion. During oral argument Venable's counsel informed us that it was indeed Venable who told him when he retained him that the notice of appeal had been filed. Venable, then, was not looking to that counsel to file the written notice of appeal. That counsel was retained to prepare and present the appeal itself, not the notice of appeal. Venable's appellate counsel relied, appropriately in our view, on his client's representation to him at the time he was retained. Like the district court, we find no negligence on the part of Venable's appellate counsel in this matter.

Filing a notice of appeal is a simple matter; it does not involve a substantial investment of time in either deliberation or preparation. In criminal cases the probability of inadvertent failure to file the notice of appeal is in part reduced by the provision in WYO.R.CR.P. 32(c)(4) that upon the defendant's request "the clerk of the district court shall prepare and serve forthwith a notice of appeal in accordance with the Wyoming Rules of Appellate Procedure on behalf of the defendant."

In considering Venable's position, we have kept these foregoing thoughts in mind as we surveyed a substantial body of primary and secondary authority:

● We have considered samplings from secondary authority.

*See, e.g.,* 32 Am.Jur.2d FEDERAL PRACTICE AND PROCEDURE §§ 1062–78, at 381–89 (1989 & Supp.1993); 9 James W. Moore, MOORE'S FEDERAL PRACTICE ¶¶ 204.13, 204.15–.19 (2d Ed.1991 & Supp.1990–91); Paul A. Fischer, Annotation, *What Constitutes "Excusable Neglect" Which Will Permit Federal District Court to Extend Time for Filing Notice of Appeal From Civil Judgment Under Rule 4(a) of Federal Rules of Appellate Procedure and Under Former Rule 73(a) of Federal Rules of Civil Procedure,* 26 A.L.R. Fed. 569 (1976 & Supp.1992); and Jean F. Rydstrom, Annotation, *Appellate Review of Order Denying Extension of Time for Filing Notice of Appeal Under Rule 4(a) of Federal Rules of Appellate Procedure,* 39 A.L.R. Fed. 829 (1978 & Supp.1992).

● We have taken samplings from civil and criminal case law.

*See, e.g., Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership,* No. 91–1695, slip op. [— U.S. —, 113 S.Ct. 1489, 123 L.Ed.2d 74] (U.S. Mar. 24, 1993); *United States v. Robinson,* 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); *United States v. Estela–Melendez,* 878 F.2d 24 (1st Cir. 1989); *Parke–Chapley Const. Co. v. Cherrington,* 865 F.2d 907 (7th Cir. 1989); *Alaska Limestone Corp. v. Hodel,* 799 F.2d 1409 (9th Cir.1986); *Sprout v. Farmers Ins. Exch.,* 681 F.2d 587 (9th Cir.1982); *United States v. Chaney,* 582 F.Supp. 392 (E.D.Wis. 1983); *Buckley v. United States,* 382 F.2d 611 (10th Cir.1967), *cert. denied,* 390 U.S. 997 [88 S.Ct. 1202, 20 L.Ed.2d 97 (1968)].

'● We have taken special note, of course, of our own case law.

*See, e.g., Martinez v. City of Cheyenne,* 791 P.2d 949 (Wyo.1990); *Berger,* 600 P.2d 708 [ (Wyo.1979) ]; *Crossan v. Irrigation Dev. Corp.,* 598 P.2d 812 (Wyo.1979).

From this broad survey we understand that the excusable neglect standard can be met only in extraordinary cases where injustice would otherwise result. The appellate court normally accords great deference to the district court's ruling. Many of the strictest decisions enforcing the time limit for filing a notice of appeal have been decisions in criminal cases. Because of the wide array of factual situations, the decisions one finds are useful more as illustrations of the judicial problem rather than as a talisman to interpreting "excusable neglect." In the final analysis, each case stands on its own facts since the district court's exercise of discretion is at the heart of the case.

For the foregoing reasons, we hold that the district court did not abuse its discretion in denying the motion for an extension of time to file the notice of appeal.

As no appeal is pending, we herewith direct the district court forthwith to take all appropriate steps to secure Venable's presence in this state so that the punishment imposed heretofore may be executed without further delay.

Affirmed.