**SHERIDAN RETIREMENT PARTNERS, a limited partnership, d/b/a, Sugarland Ridge, Appellant (Plaintiff),**

v.

**CITY OF SHERIDAN, Wyoming, Appellee (Defendant).**

No. 96–226.

Supreme Court of Wyoming.

Dec. 22, 1997.

Fred R. Dollison and Rene Botten of Northern Wyoming Law Associates, Sheridan, for Appellant (Plaintiff).

Timothy S. Tarver, Sheridan, for Appellee (Defendant).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

TAYLOR, Chief Justice.

Appellant, Sheridan Retirement Partners (Sheridan Partners), filed a declaratory judgment action claiming that appellee, City of Sheridan, improperly assessed plan investment fees for a retirement home project. The district court found that the lawsuit was actually a request for review of an agency action and, as such, was not timely filed within thirty days after notice of the final agency decision. Accordingly, the district court dismissed the action for lack of subject matter jurisdiction. We agree with the district court's finding regarding the nature and timeliness of the claim and, therefore, dismiss this appeal.

## I. ISSUES

Sheridan Partners presents a single issue for review:

Whether the district court erroneously concluded that appellant should have sought judicial review of the June 21, 1993 City Council decision upholding the assessment against appellant for plant investment fees.

The City of Sheridan responds:

The District Court did not err in finding Appellant's complaint for declaratory relief should have been brought as a petition for review and that the court was without jurisdiction due to Appellant's failure to timely request the same.

Appellant did not demonstrate a justiciable controversy under *Brimmer v. Thompson* for the District Court to proceed under the Declaratory Judgment Statute, W.S. § 1–37–103.

## II. FACTS

In 1993, Sheridan Partners planned to build and operate an assisted living facility in Sheridan, Wyoming. The plans were submitted to the City of Sheridan for review, comment and fee assessments. The Building Inspector/Plans Examiner (Plans Examiner) assessed a fee total, which included "plant investment fees," based on classification of the project as a multiple family dwelling pursuant to Municipal Code §§ 28–4.4, 28–4.5 and 28–4.6. Sheridan Partners disagreed with the classification, contending that the project was more appropriately characterized as a boarding house and, consequently, subject to a lower fee assessment.

On June 21, 1993, a representative of Sheridan Partners attended the Sheridan City Council meeting and requested that the City Council reconsider the assessment. The City Council voted to reject the request. Approximately six months later, Sheridan Partners served an "Appeal of Plant Investment Fee Assessments" on the city attorney. The city attorney responded by letter requesting that Sheridan Partners reference the Municipal Code provisions which authorized such appeal and requesting clarification as to why the appeal should not be considered untimely. The record contains no reply.

On April 6, 1994, Sheridan Partners paid the total assessment under protest in order to secure a certificate of occupancy for the retirement home. The matter remained dormant for almost two years, when Sheridan Partners filed a claim against the City of Sheridan under the Governmental Claims Act on April 3, 1996. Sheridan Partners followed this claim with a complaint for declaratory relief on April 29, 1996. The City of Sheridan did not answer, instead filing a motion to dismiss all claims. A hearing was

held on the City of Sheridan's motion on June 24, 1996. At that hearing, the district court orally denied the motion, but gave the parties leave to submit additional briefing on the legal issues.

The district court issued its Order of Dismissal on July 19, 1996, finding that, despite the formal designation of the claims, Sheridan Partners was in fact requesting review of a final administrative action. The district court determined that there was no further administrative review available after the City Council's refusal to reconsider the assessment on June 21, 1993. Thus, pursuant to W.R.A.P. 12.04, request for appellate review was required within thirty days after Sheridan Partners was notified of the City of Sheridan's final decision. The district court concluded that Sheridan Partners' failure to timely file an appeal removed the jurisdiction of the district court to hear the matter and, consequently, granted the motion to dismiss. Sheridan Partners timely filed this appeal from the district court's order.

## III. STANDARD OF REVIEW

The primary issue in this case is whether the district court had subject matter jurisdiction over the claims filed by Sheridan Partners. Questions of jurisdiction are reviewed *de novo* pursuant to " 'the inherent power, and the duty, to address jurisdictional defects on appeal * * *.' " *Pawlowski v. Pawlowski*, 925 P.2d 240, 242 (Wyo.1996) (*quoting Gookin v. State Farm Fire and Cas. Ins. Co.*, 826 P.2d 229, 232 (Wyo.1992)). The absence of subject matter jurisdiction in a district court cannot be waived, and the court itself can challenge that jurisdiction at any time. *Brunsvold v. State*, 864 P.2d 34, 36 (Wyo.1993). This court can have no greater jurisdiction of the subject matter than the district court. Where the district court is without jurisdiction in an administrative appeal from an agency, this court must dismiss the appeal. *Scanlon v. Schrinar*, 759 P.2d 1243, 1246 (Wyo.1988), *cert. denied*, 489 U.S. 1016, 109 S.Ct. 1131, 103 L.Ed.2d 193 (1989) (*quoting Snell v. Ruppert*, 541 P.2d 1042, 1048 (Wyo.1975)).

## IV. DISCUSSION

Sheridan Partners contends that the district court's jurisdictional ruling was in error in two ways. First, Sheridan Partners argues that its claim cannot be deemed an appeal from an agency decision because Sheridan's City Council is not an agency. Second, Sheridan Partners asserts that a declaratory action is appropriate even if an independent action for administrative review were available.

As to its first argument, Sheridan Partners correctly asserts that Sheridan's City Council is not an agency under the Wyoming Administrative Procedure Act.

"Agency" means any authority, bureau, board, commission, department, division, officer or employee of the state, a county, city or town or other political subdivision of the state, except the governing body of a city or town, the state legislature and the judiciary[.]

Wyo. Stat. § 16–3–101(b)(i) (Cum.Supp.1996). Sheridan Partners is mistaken, however, in asserting that the Wyoming Administrative Procedure Act did not provide an avenue to judicial review. The City of Sheridan's Engineering Department, represented by the Plans Examiner, is clearly an "agency" under the Wyoming Administrative Procedure Act. It is equally clear that the fee assessment was a final agency decision. Sheridan Partners does not allege any requirement that the assessment be affirmed or reviewed by any entity. There is nothing in the record which indicates that Sheridan Partners' request to the City Council to reconsider the assessment was based on any city ordinance, regulation or procedure. Therefore, the decision of the Plans Examiner was a final "agency" decision which triggered the time period in which a request for judicial review of that decision should have been filed.

The June 3, 1993 notice of assessment advised Sheridan Partners of a final agency decision which adversely affected Sheridan Partners. Therefore, a request for judicial review of the assessment should have been filed within thirty days thereafter. Sheridan

Partners did not seek review in the district court until nearly three years later.

W.R.A.P. 12.04 provides, in part:

In a contested case, or in an uncontested case, even where a statute allows a different time limit on appeal, the petition for review shall be filed within 30 days after written, certified notice to all parties of the final decision of the agency \* \* \*.

Timely filing of a petition for review is mandatory and jurisdictional. *Scanlon,* 759 P.2d at 1246 (*quoting Stagner v. Wyoming State Tax Commission,* 642 P.2d 1296, 1297 (Wyo. 1982)). While the district court did not apply the appropriate date on which the thirty-day period began to run, it correctly determined that it lacked subject matter jurisdiction of the matter.

Neither may Sheridan Partners avoid the filing requirements by seeking relief under the Uniform Declaratory Judgments Act. We have repeatedly stated that there is a restriction on the availability of a declaratory judgment action to administrative matters and such actions may not be used to usurp or replace specific administrative relief. *Union Pacific Resources Co. v. State Bd. of Equalization for State of Wyo.,* 895 P.2d 464, 466 (Wyo.1995) (*quoting Rocky Mountain Oil and Gas Ass'n v. State,* 645 P.2d 1163, 1168 (Wyo.1982)).

Sheridan Partners' reliance on our decision in *Rocky Mountain Oil and Gas Ass'n,* 645 P.2d 1163 is misplaced. In that case, we clearly stated that "[o]rdinarily, a declaratory judgment action is not a substitute for an appeal." *Id.* at 1168. However, under the unusual circumstances in that case, we found an exception to the general rule where the jurisdiction and extent of the powers of two agencies are questioned as they relate to each other and the court is presented with a question of legal relations. *Id.* at 1169. There is no such question in this case. The question here is only whether the Plans Examiner properly classified Sheridan Partners' project as a multiple unit dwelling under the municipal code. This determination is unquestionably an agency function in the first instance, subject to review pursuant to the Wyoming Administrative Procedure Act.

### V. CONCLUSION

The district court correctly determined that it did not maintain subject matter jurisdiction over Sheridan Partners' claims. We also lack jurisdiction and thus, dismiss this appeal.