2007 WY 62

**CHEVRON U.S.A., INC., Appellant (Petitioner),**

**v.**

**DEPARTMENT OF REVENUE, State of Wyoming, Appellee (Respondent).**

**No. 06–67.**

Supreme Court of Wyoming.

April 13, 2007.

---

Representing Appellant: William M. McKellar and Erin M. Freeman of Boley & McKellar, P.C., Cheyenne, Wyoming. Argument by Mr. McKellar.

Representing Appellee: Patrick J. Crank, Attorney General; Michael L. Hubbard, Deputy Attorney General; Martin L. Hardsocg, Senior Assistant Attorney General; and Cathleen D. Parker, Senior Assistant Attorney General. Argument by Ms. Parker.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶1] Appellant, Chevron U.S.A., Inc., filed a Petition for Review of Administrative Action (Petition for Review) contesting an unfavorable determination by the State Board of Equalization (SBOE) regarding Appellant's dispute with the Wyoming Department of Revenue (the Department) over valuation methods for tax year 2002. The district court dismissed that Petition for Review as untimely, and found that the court lacked jurisdiction to extend the deadline for filing a Petition for Review because the doctrine of excusable neglect did not apply to Appellant's actions with regard to the untimely filing. We affirm.

## ISSUE

[¶2] Did the district court abuse its discretion when it determined that the delay in filing was not caused by excusable neglect, where Appellant filed the Petition for Review after the statutory deadline because of a calendaring error? [1]

## FACTS

[¶3] Appellant contested three separate years of taxable value determinations by the Department, in three separate appeals to the SBOE. Those proceedings involved Appellant's contention that the Department imposed an improper method of valuation of minerals for the three-year taxation cycle for 2000 through 2002. The SBOE found in favor of the Department in the first two appeals and Appellant filed timely petitions for review in the appropriate district court for those cases.[2] Those proceedings were stayed, by agreement of the parties, in anticipation that the SBOE would also decide the third and identical appeal against Appellant.

[¶4] As anticipated, the SBOE entered a decision adverse to Appellant in the 2002 appeal on October 28, 2005. That same day, Appellant's counsel sent a letter to the court where the two companion cases were pending, informing it of the SBOE's decision and of counsel's intent to file a third petition for review and seek consolidation of all three cases.

[¶5] The parties do not contest the facts that ultimately led to the unfortunate situation before us. Apparently, counsel for Appellant first saw the SBOE's decision on October 28, when he informed the district court that there would be a petition for review forthcoming. Counsel gave his legal assistant an undated copy of the SBOE decision on November 9, 2005, with instructions to docket the deadline for thirty days. The legal assistant entered the date into counsel's highly redundant and carefully designed docketing system. Unfortunately, the assistant calendared the event with a starting date of November 9, the date she was given the pleading, instead of October 28, the date of service of the SBOE decision. She therefore calendared the due date for the Petition

---

1. Appellant's brief also contains argument that notice to the district court of Appellant's intent to appeal this case is sufficient to preserve jurisdiction. That issue was not raised before the district court, and will not be considered here.

2. The district court decided both the companion cases against Appellant on the merits. A consolidated appeal of those decisions is pending before this Court. *See Chevron U.S.A., Inc. v. Dep't of Revenue,* No. 06–56 (Wyo. S.Ct. argued Nov. 14, 2006).

for Review in the case as December 7, 2005. The final date for filing such a petition was, in fact, November 30, 2005. Counsel for Appellant noticed the mistake during the week of November 28, faxed a Petition for Review to the district court on December 2, and filed the original with the court on December 5, 2005. The Department moved to dismiss the Petition for Review as untimely. Appellant responded and moved to extend the time to file a Petition for Review, on the theory that the late filing was the result of excusable neglect. The district court granted the Motion to Dismiss and denied the Motion for Extension of Time to File the Petition for Review. This appeal followed.

### STANDARD OF REVIEW

[¶ 6] The issue of subject matter jurisdiction is one that we review *"de novo* pursuant to the 'inherent power, and the duty, to address jurisdictional defects on appeal[.]'" *Sheridan Ret. Partners v. City of Sheridan,* 950 P.2d 554, 556 (Wyo.1997). However, "the authority to extend the time for filing a notice of appeal upon a showing of excusable neglect is vested exclusively in the district court, and involves the exercise of discretion by the district court", and we review such a decision for abuse of that discretion. *Bosler v. Morad,* 555 P.2d 567, 569 (Wyo.1976).

### DISCUSSION

[¶ 7] It is well established in our case law that, under the current Wyoming Rules of Appellate Procedure, timely filing of a petition for review of administrative action is mandatory and jurisdictional. *Stagner v. Wyo. State Tax Comm'n,* 642 P.2d 1296, 1297 (Wyo.1982); *Sheridan Ret. Partners,* 950 P.2d at 557. Wyoming Rule of Appellate

Procedure 12.04 governs the filing of a petition for review. The rule requires that a petition for review be filed within 30 days of service of the final decision of the agency. That time may be extended up to 30 days only if the district court finds that the lack of a timely filing is attributable to excusable neglect.[3]

[¶ 8] The SBOE served its final decision in this matter on October 28, 2005. Appellant was required to file a petition for review by November 30, 2005, to preserve the district court's jurisdiction over this proceeding. Appellant failed to do so. The sole issue for this Court to decide is whether the district court abused its discretion when it found that there was no excusable neglect and declined to extend the deadline for filing a petition for review.

[¶ 9] "Excusable neglect is measured on a strict standard to take care of genuine emergency conditions, such as death, sickness, undue delay in the mails and other situations where such behavior might be the act of a reasonably prudent person under the circumstances." *Crossan v. Irrigation Dev. Corp.,* 598 P.2d 812, 813 (Wyo.1979) (citation omitted). Excusable neglect has traditionally[4] been found where a party acts in a reasonably prudent manner, but an outside force creates an undue delay, resulting in an untimely filing. *See Bosler,* 555 P.2d at 567 (excusable neglect found where late filing was due to delay in United States Postal mailing system). We have also found excusable neglect where an attorney's failure was a result of a psychological disorder or disturbance. *Sanford v. Arjay Oil Co.,* 686 P.2d 566, 571 (Wyo.1984) (attorney disappeared during the course of the trial, resulting in entry of default against client). However,

---

3. W.R.A.P. 12.04 states, in relevant part:
   (a) In a contested case, or in an uncontested case, even where a statute allows a different time limit on appeal, the petition for review shall be filed within 30 days after service upon all parties of the final decision of the agency or denial of the petition for a rehearing, or, if a rehearing is held, within 30 days after service upon all parties of the decision.
   (b) Upon a showing of excusable neglect the district court may extend the time for filing the petition for review, said extension not to exceed 30 days from the expiration of the original time prescribed in paragraph (a).

4. The term "excusable neglect" appears several times in the Rules of Civil Procedure, as well as in the Rules of Appellate Procedure. For our purposes here, where we refer to cases involving rules other than W.R.A.P. 12.04, we rely on those cases ONLY insofar as they are helpful in determining the bounds of excusable neglect. The unrelated procedural tests and logic that appear in those cases should not be taken as applicable to an analysis of whether a party may be excused from timely filing a petition for review under Rule 12.04.

we have determined that bald assertions of some adverse condition that caused the attorney to mishandle the case, in the absence of further proof, are not enough to support a finding of excusable neglect. *Orosco v. Schabron*, 9 P.3d 264, 267 (Wyo.2000) (affidavit of attorney alleging undiagnosed disorder not sufficient to show incapacity for purposes of excusable neglect). Where a court itself creates confusion that leads a party to misunderstand a deadline, we have upheld a finding of excusable neglect and concomitant extension of procedural deadlines. *Jackson Hole Cmty Hous. Trust v. Scarlett*, 979 P.2d 500, 503 (Wyo.1999).

■ [¶ 10] Some circumstances, however, such as "ignorance of the provisions of the Wyoming Rules of Appellate Procedure[,]" are not excusable neglect as a matter of law. *Crossan*, 598 P.2d at 813. Failure to file a necessary document in reliance on ongoing settlement negotiations also does not constitute excusable neglect. *Vanasse v. Ramsay*, 847 P.2d 993, 998 (Wyo.1993). This Court just recently upheld a district court's decision that counsel's failure timely to file a document was not excusable neglect, even though both parties had agreed to extend the relevant deadline, where the court had not granted a formal extension of the deadline. *Platt v. Creighton*, 2007 WY 18, ¶ 8, 150 P.3d 1194, 1199 (Wyo.2007). We have considered the question of whether an error on the part an attorney's staff rises to the level of excusable neglect, and have found that it does not. *Fluor Daniel, Inc. v. Seward*, 956 P.2d 1131, 1134–35 (Wyo.1998).

[¶ 11] In *Fluor Daniel*, much like in the present case, a pleading that was served on the appellant went astray and failed to flow through the proper channels of litigation support at the office. *Id.* at 1134. The paralegal involved described her busy schedule and the hectic atmosphere in the office at that time, and cited those as the reason she must have missed properly routing the papers. *Id.* We determined that, regardless of the sound or unsound nature of Fluor Daniel's business practice, the company could not show that the circumstances leading to the failure timely to file the specific document at issue were outside its control. *Id.* at 1135. Similarly, here, we agree that Appellant's counsel has implemented a highly redundant system that appears well designed to ensure the proper docketing of events related to lawsuits. There is, however, no evidence that anything outside counsel's control caused, or was even a factor leading to, the untimely filing. In fact, Appellant's counsel admits that simple human error caused the untimely filing. While this Court recognizes that the high standard required for a showing of excusable neglect sometimes produces a harsh result, it would vitiate the purpose of the rules to allow simple human error caused by a high-pressure office environment to trigger an emergency savings provision like that found in W.R.A.P. 12.04(b). It was, therefore, not an abuse of discretion for the district court to find that these circumstances do not constitute excusable neglect.

## CONCLUSION

[¶ 12] The district court did not abuse its discretion when it determined that human error caused by a busy office environment, which resulted in the failure of Appellant's highly redundant docketing system, did not constitute excusable neglect. Therefore, the district court properly denied Appellant's motion to extend the time to file a petition for review, and properly dismissed the Petition for Review as untimely.