# IN THE SUPREME COURT, STATE OF WYOMING

## 2019 WY 107

### OCTOBER TERM, A.D. 2019

#### October 21, 2019

IN THE MATTER OF THE WORKER'S
COMPENSATION CLAIM OF MICHAEL
VINSON:

TATA CHEMICALS SODA ASH PARTNERS,
LTD,

Appellant
(Respondent),

S-19-0086

v.

MICHAEL VINSON,

Appellee
(Petitioner).

*Appeal from the District Court of Sweetwater County*
*The Honorable Nena James, Judge*

*Representing Appellant:*
    Stephen Kline, Kline, McCorkle, LLP, Cheyenne, Wyoming.

*Representing Appellee:*
    Donna Domonkos, Domonkos Law Office, LLC, Cheyenne, Wyoming.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FOX, Justice.**

[¶1]    Michael Vinson injured his hand on his employer's premises and contracted a serious bacterial infection. His employer, Tata Chemicals Soda Ash Partners, Ltd. (Tata), contested whether the infection was a compensable injury under the Wyoming Worker's Compensation Act. The Office of Administrative Hearings (OAH) concluded Mr. Vinson's infection was not compensable. Thirty-five days later, Mr. Vinson filed a petition for review in district court, and the district court reversed the OAH order. Tata appeals, arguing the district court lacked jurisdiction. We remand with instructions to determine whether excusable neglect extended the time to file the petition for review.

## *ISSUE*

[¶2]    Did the district court have jurisdiction over Mr. Vinson's petition for review?

## *FACTS*

[¶3]    Michael Vinson worked for Tata, a trona mining company, for over 30 years. One Friday, Mr. Vinson scraped his knuckle on a locker as he was getting ready to leave the mine. By Sunday, he was incoherent and his "hand and arm were all swollen up almost to the elbow." Mr. Vinson's family took him to the local hospital where he was quickly life flighted to a hospital in Salt Lake City. The scrape on Mr. Vinson's hand had developed a serious infection called necrotizing fasciitis, more commonly known as flesh-eating bacteria. The infection caused septic shock and acute kidney injury, and required Mr. Vinson to undergo aggressive antibiotic therapy, multiple surgical debridements, and skin grafting.

[¶4]    Mr. Vinson applied for worker's compensation benefits, and the Department of Workforce Services, Workers' Compensation Division (Division) deemed his injury compensable. Tata objected, arguing Mr. Vinson's medical condition did not meet the definition of injury in Wyo. Stat. Ann. § 27-14-102(a)(xi). The Division referred the claim to the OAH for a contested case hearing, and the parties moved for summary judgment. On January 30, 2018, the OAH served an order concluding Mr. Vinson's injuries were not compensable because they were "excluded from coverage by the communicable disease exclusion." Wyo. Stat. Ann. § 27-14-102(a)(xi)(A).

[¶5]    On March 6, 2018, Mr. Vinson petitioned the district court for judicial review. Without addressing the timeliness of the petition, the district court reversed the OAH order, concluding that Mr. Vinson's "infection was a compensable consequence of the original work-related scrape injury." Tata timely appealed.

## *STANDARD OF REVIEW*

[¶6]    The existence of subject matter jurisdiction is a question of law that "we review *de novo* pursuant to the inherent power, and the duty, to address jurisdictional defects on

1

appeal." *Chevron U.S.A., Inc. v. Dep't of Revenue*, 2007 WY 62, ¶ 6, 155 P.3d 1041, 1043 (Wyo. 2007) (alteration and quotation marks omitted) (quoting *Sheridan Ret. Partners v. City of Sheridan*, 950 P.2d 554, 556 (Wyo. 1997)). The decision of whether to extend the time for filing a petition for review based on a showing of excusable neglect, however, is reviewed for an abuse of discretion. *Chevron U.S.A., Inc.*, 2007 WY 62, ¶¶ 6, 11, 155 P.3d at 1043-44.

## *DISCUSSION*

[¶7]   Wyoming Rule of Appellate Procedure 12.04(a) requires a petition for judicial review of an administrative action to be filed in district court "within 30 days after service upon all parties of the final decision of the agency[.]" The 30-day time limit runs from the date the decision is mailed. *Sellers v. Emp't Sec. Comm'n of Wyo.*, 760 P.2d 394, 396 (Wyo. 1988). If service is made by mail, W.R.A.P. 14.03 adds three days to that period. Rule 14.02 further extends the period if its last day falls on "a Saturday, a Sunday, or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the above described days." Here, the OAH served its final decision by mail on January 30, 2018. Under Rules 12.04(a), 14.02, and 14.03, Mr. Vinson was required to file his petition for judicial review by the end of March 5, 2018. His petition was filed on March 6, 2018, one day past the deadline.

[¶8]   "[T]imely filing of a petition for review of administrative action is mandatory and jurisdictional." *Chevron U.S.A., Inc.*, 2007 WY 62, ¶ 7, 155 P.3d at 1043 (citing *Stagner v. Wyo. State Tax Comm'n*, 642 P.2d 1296, 1297 (Wyo. 1982)). However, W.R.A.P. 12.04(b) provides that the district court may extend the time for filing a petition for review upon a showing of excusable neglect. The district court's decision letter does not address whether excusable neglect extended the time Mr. Vinson had to file his petition for review, and the record does not reveal whether it considered the question. We therefore remand to the district court for the limited purpose of determining, within 45 days, whether excusable neglect extended the time for filing a petition for review.

[¶9]   In the meantime, the Court will retain jurisdiction over this appeal and stay the proceedings. The following procedures shall apply. If no excusable neglect is found, the district court should dismiss the petition for review, in which case Mr. Vinson may appeal that order. If he does, we will consolidate it with the present appeal. If Mr. Vinson does not file a notice of appeal of that order within 30 days from its entry, we will dismiss the present appeal and vacate the district court's February 8, 2019 decision. If the district court finds excusable neglect, Tata may appeal that decision, and we will consolidate it with the present appeal. If Tata does not file a notice of appeal of the district court's order within 30 days  from its entry, this Court will resume proceedings in the present appeal.