# IN THE SUPREME COURT, STATE OF WYOMING

## 2026 WY 30

OCTOBER TERM, A.D. 2025

March 5, 2026

WENDY R. WILLIAMS,

Appellant
(Plaintiff),

v.

RICHARD GAGE, individually, and
RICHARD GAGE, P.C.

Appellees
(Defendants).

S-25-0206

*Appeal from the District Court of Laramie County*
*The Honorable Catherine R. Rogers, Judge*

*Representing Appellant:*
Wendy R. Williams, pro se.

*Representing Appellee:*
Jordan M. Haack and Anna Reeves Olson, Long Reimer Winegar, LLP, Casper, Wyoming.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH, and HILL, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL, Justice.**

[¶1]    Wendy Williams sued Richard Gage and Richard Gage, P.C. (collectively Mr. Gage) for legal malpractice.  Ms. Williams failed to designate a legal malpractice expert within the time allowed by the district court's scheduling order, and the district court granted Mr. Gage's motion for summary judgment.  Ms. Williams appeals.  Finding the district court did not err, we affirm.

## ISSUES

[¶2]    Ms. Williams raises nine issues, which we rephrase and condense into three:[1]

1)  Did the district court abuse its discretion when it denied Ms. Williams's motion to extend certain deadlines?

2)  Did the district court err when it granted summary judgment to Mr. Gage?

3)  Should this Court consider Ms. Williams's arguments related to privacy act violations?

## FACTS

[¶3]    While serving in the military, Ms. Williams received two doses of the hepatitis A/B vaccine.  She received the first dose in April of 2010 and the second dose in February of 2011.  Within days of the second dose, Ms. Williams started to suffer significant symptoms from multiple sclerosis (MS).  Ms. Williams asserted the vaccines caused and/or aggravated her MS and sought to secure compensation for her injuries.

[¶4]    Ms. Williams hired an attorney to file a petition for compensation under the National Vaccine Injury Compensation Program.  Ms. Williams believed her attorney missed the statute of limitations to include a claim for the 2010 vaccine and only included a claim for the 2011 vaccination.  Ms. Williams, therefore, terminated her relationship with her previous attorney and, in 2018, hired Mr. Gage to hopefully correct the perceived problem. Ms. Williams appeared to want Mr. Gage to overcome the statute of limitations and add the 2010 vaccination to her petition.

[¶5]    Mr. Gage refiled Ms. Williams's petition and proceeded with the case.  In 2021, Ms. Williams received an entitlement hearing on her refiled petition.  However, in 2022, while

---

[1] These three issues are dispositive but also represent the issues supported by cogent argument.  Ms. Williams's other issues are not generally supported by cogent argument.  We consistently decline to consider issues not supported by cogent argument or pertinent authority, whether the brief is filed by a pro se litigant or filed by counsel.  *Adams v. Gallegos*, 2025 WY 71, ¶ 13, 571 P.3d 337, 339 (Wyo. 2025) (citation omitted).

1

her vaccination case was pending, Ms. Williams terminated Mr. Gage and proceeded with her vaccination case, pro se.[2]

[¶6]   On January 11, 2024, Ms. Williams filed a complaint against Mr. Gage.  In her complaint, Ms. Williams asserted Mr. Gage did not include the 2010 vaccination when he refiled her petition.  Ms. Williams alleged her vaccination case was a "double injury" case and she should have a claim for both the 2010 vaccination and the 2011 vaccination.  She, therefore, asserted Mr. Gage committed malpractice by failing to adhere to the ethical standards applicable to attorneys that typically handle these types of cases.  Ms. Williams also asserted Mr. Gage consciously chose to commit malpractice and colluded with the judge assigned to her vaccination case to bar her from double recovery.  Her complaint contained two causes of action, negligence/malpractice and negligent infliction of emotional distress.  Mr. Gage filed a motion to dismiss, and the district court dismissed the negligent infliction of emotional distress claim leaving only the negligence/malpractice claim.

[¶7]   The district court entered a scheduling order which included a date for a jury trial.  The order set a January 15, 2025 deadline for Ms. Williams to designate expert witnesses.  Ms. Williams did not designate any expert witnesses by this date.  On January 29, 2025, Ms. Williams asked for an extension of the deadline to designate expert witnesses because her brother had been injured on January 13, 2025, two days before the deadline.  Later, on March 31, 2025, Ms. Williams also filed a motion to, in substance, extend the discovery cut-off deadline.  The court denied her requests.

[¶8]   The scheduling order set Mr. Gage's deadline to designate experts as February 18, 2025.  Mr. Gage designated himself as an expert on February 17, 2018.  In the designation, Mr. Gage certified he complied with the standard of care for attorneys practicing in Wyoming, did not breach the standard of care, and his work did not injure Ms. Williams.  Mr. Gage then filed a motion for summary judgment because Ms. Williams failed to designate an expert witness related to the standard of care and causation.

[¶9]   After a telephone hearing, the district court granted Mr. Gage's motion for summary judgment.  Ms. Williams appeals to this Court.

## ISSUE 1

**Did the district court abuse its discretion when it denied Ms. Williams's motion to extend certain deadlines?**

---

[2] In July of 2023, the Court of Federal Claims determined Ms. Williams had met her burden of proving the 2011 vaccine "significantly aggravated her then-asymptomatic multiple sclerosis" and her case could proceed to the damages phase.

## STANDARD OF REVIEW

[¶10]   We review district court decisions denying motions for additional time for an abuse of discretion.  *Jacobson v. Cobbs*, 2007 WY 99, ¶ 10, 160 P.3d 654, 657 (Wyo. 2007).  "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously."  *Hale v. City of Laramie*, 2025 WY 133, ¶ 19, 580 P.3d 516, 520 (Wyo. 2025) (quoting *Cornell v. Mecartney*, 2025 WY 97, ¶ 15, 575 P.3d 349, 353 (Wyo. 2025)).  "A court abuses its discretion if it acts 'in a manner which exceeds the bounds of reason under the circumstances.' " *Id.*  The question for this Court to determine on appeal is "whether the trial court could reasonably conclude as it did." *Hutton v. Dykes*, 2025 WY 94, ¶ 16, 575 P.3d 334, 341 (Wyo. 2025) (quoting *Holloway v. Hidden Creek Outfitters, LLC*, 2025 WY 59, ¶ 30, 569 P.3d 756, 763 (Wyo. 2025)).

## DISCUSSION

[¶11]   Wyoming Rule of Civil Procedure (W.R.C.P.) 6(b)(1)(A) allows a district court to extend a party's time to meet deadlines.  The rule provides:

> (b) Extending Time.
>
> > (1) *In General.*   When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court, or a commissioner thereof, may for good cause and in its discretion:
> >
> > > (A)     with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or
> > >
> > > (B)     upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]

W.R.C.P. 6(b)(1).  Accordingly, a district court may extend a deadline for good cause if the request for the extension is made before the deadline expires.  If the request for an extension is made after the original deadline has passed, the court must also determine whether the failure to meet the deadline is the result of excusable neglect.   Ms. Williams filed her request for extension of time on January 29, 2025, fourteen days after the designation was due.  Thus, she had to demonstrate both good cause and excusable neglect.

[¶12]   When considering "good cause" under Rule 6, the United States Court of Appeals for the Tenth Circuit has explained good cause comes into play in situations in which there is no fault and the need for an extension is usually occasioned by something that is not within the control of the movant. *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700–01 (10th Cir. 2017) *(*citing *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004) (interpreting good cause for an extension of time to appeal under Fed. R.App. P. 4(a)(5)). "It requires the moving party to show the deadline 'cannot be met despite the movant's diligent efforts.'" *Id.* (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (interpreting good cause to modify a scheduling order under Fed. R. Civ. P. 16(b)(4)).

[¶13]   "This Court has defined excusable neglect as being that behavior which might be the act of a reasonably prudent person under the circumstances." *Weber v. McCoy*, 950 P.2d 548, 553 (Wyo. 1997) (citing *Whitney v. McDonough*, 892 P.2d 791, 794 (Wyo.1995)).   We have further explained, "[e]xcusable neglect is measured on a strict standard to take care of genuine emergency conditions, such as death, sickness, undue delay in the mails, . . . and other situations where such behavior might be the act of a reasonably prudent person under the circumstances." *RDG Oil & Gas, LLC v. Jayne Morton Living Tr.*, 2014 WY 102, ¶ 14, 331 P.3d 1199, 1202 (Wyo. 2014) (quoting *Crossan v. Irrigation Development Corp.*, 598 P.2d 812, 813 (Wyo.1979)).   "Excusable neglect has traditionally been found where a party acts in a reasonably prudent manner, but an outside force creates an undue delay, resulting in an untimely filing." *Chevron U.S.A., Inc. v. Dep't of Revenue*, 2007 WY 62, ¶ 9, 155 P.3d 1041, 1043 (Wyo. 2007).

[¶14]   Ms. Williams's request for additional time to designate experts detailed that two days before her designation was due, her brother had an accident and broke his ribs, and she had to care for him.   She also stated because she is pro se she was having a difficult time finding an expert.   Her request did not detail any of her efforts to find an expert.   After reviewing the motion, response, and the file, the district court denied the extension.   The district court provided no particular reasoning for the denial, but the findings of a trial judge concerning conclusions of law and disposition of the issues are presumptively correct, and a general finding of the trial court carries with it every specific finding supported by the record. *Whitt v. State ex rel. Wright*, 2001 WY 128, ¶ 12, 36 P.3d 617, 621; *Bloedow v. Maes-Bloedow*, 2024 WY 115, ¶ 42, 558 P.3d 576, 589 (Wyo. 2024) (citations omitted).   Thus, it can be presumed the district court found Ms. Williams did not show good cause and excusable neglect.

[¶15]   Our review of the record shows the district court could reasonably conclude Ms. Williams did not make the required showings of good cause and excusable neglect.   Ms. Williams brother's injury occurred two days before her deadline to designate an expert.   His injury may have helped explain why Ms. Williams did not ask for the extension until after the deadline, but it did not explain why she could not designate an expert within the timeframe.   Ms. Williams's request provided no details of her attempts to find an expert or

any "diligent efforts" to comply with the deadline. Ms. Williams had a reasonable period of time before her brother's injury to find an expert but did not. She did state it was difficult to find an expert because she was pro se but provided no details of her efforts to find one. A pro-se litigant is held to the same standard as any other litigant and must expect and receive the same treatment as if represented by an attorney. *Matter of GP*, 679 P.2d 976, 984 (Wyo. 1984) (citing *Suchta v. O.K. Rubber Welders, Inc.*, 386 P.2d 931, 933 (Wyo. 1963)). Thus, the fact a person is pro se is alone not sufficient to demonstrate good cause or excusable neglect. Without more, it is reasonable for the district court to find a lack of good cause and excusable neglect.

[¶16] The same is true of Ms. Williams's motion to extend the discovery deadline, which she titled as a motion for an extension of time to compel discovery. Again Ms. Williams did not demonstrate good cause and excusable neglect. Ms. Williams did include more detail to show good cause and excusable neglect including the passing of her brother. However, again she did not explain why she could not accomplish discovery or the steps she took as a reasonably prudent person under the circumstances to complete discovery.

[¶17] Additionally, the timing of Ms. Williams's request further contributed to a reasonable finding that her motion should be denied. In particular, Ms. Williams filed her request on March 31, 2025, when discovery requests were to be served by March 3, 2025. By the time Ms. Williams had filed this request for this extension, Mr. Gage had already filed his motion for summary judgment based on Ms. Williams's failure to designate an expert. Because the district court had already denied her request to extend the deadline to designate an expert witness, as we discuss below, an extension of time to complete discovery would not have aided Ms. Williams in her opposition to summary judgment.

[¶18] Accordingly, the district court could reasonably conclude Ms. Williams was not entitled to an extension because she had not shown good cause and excusable neglect. It, therefore, did not abuse its discretion when it denied Ms. Williams's requests for an extension of her deadlines.

## ISSUE 2

**Did the district court err when it granted Mr. Gage's motion for summary judgment?**

## STANDARD OF REVIEW

[¶19] "This court reviews summary judgment decisions de novo, using the same materials and standards as the district court and gives no deference to the district court's conclusions." *Hunter v. Universal Precast Concrete, Inc.*, 2025 WY 129, ¶ 19, 581 P.3d 686, 698 (Wyo. 2025) (citing *Groff v. McKellar Tiedeken & Scoggin, LLC*, 2025 WY 54, ¶ 14, 568 P.3d 1164, 1167 (Wyo. 2025)). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (quoting *Weir v. Expert Training, LLC*, 2022 WY 44, ¶ 15, 507 P.3d 442, 447 (Wyo. 2022)). We can affirm the district court's grant of summary decision on any legal grounds provided in the record. *Campbell v. Davidson*, 2023 WY 100, ¶ 18, 537 P.3d 734, 741 (Wyo. 2023) (quoting *Page v. Meyers*, 2021 WY 73, ¶ 9, 488 P.3d 923, 926 (Wyo. 2021)).

## DISCUSSION

[¶20]  "Wyoming Rule of Civil Procedure 56 governs summary judgment and imposes obligations on both the movant and the nonmovant." *Hunter*, ¶ 20, 581 P.3d at 698–99 (citing *Chesapeake Expl., LLC v. Morton Prod. Co. LLC*, 2025 WY 15, ¶ 29, 562 P.3d 1286, 1295; *Kaufman v. Rural Health Dev., Inc.*, 2019 WY 62, ¶ 14, 442 P.3d 303, 307 (Wyo. 2019)). If the moving party has made a prima facie case showing there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law, the burden shifts to the party opposing the motion to present evidence showing that a genuine issue of material fact exists. *Id.; Scranton v. Woodhouse*, 2020 WY 63, ¶ 23, 463 P.3d 785, 790–91 (Wyo. 2020). "A prima facie case has two elements: (1) 'The establishment of a legally required rebuttable presumption,' and (2) 'A party's production of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor.'" *Scranton*, ¶ 23, 463 P.3d at 790 (Wyo. 2020) (quoting *Bear Peak Res., LLC v. Peak Powder River Res., LLC*, 2017 WY 124, ¶ 27, 403 P.3d 1033, 1044 (Wyo. 2017)) (citation omitted). If the moving party does not have the ultimate burden of persuasion, it meets its burden to establish a prima facie case for summary judgment by showing a lack of evidence on an essential element of the opposing party's claim. *Id.* (quoting *Gowdy v. Cook*, 2020 WY 3, ¶ 22, 455 P.3d 1201, 1207 (Wyo. 2020)).

[¶21]  Mr. Gage sought summary judgment on the basis that Ms. Williams could not establish the elements of her claim. Mr. Gage argued that without an expert, Ms. Williams would be unable to establish the standard of care, that Mr. Gage failed to meet it, or that Mr. Gage caused her harm.

[¶22]  To succeed on a legal malpractice claim, the plaintiff must prove three elements by a preponderance of the evidence. *Kappes v. Rhodes*, 2024 WY 43, ¶ 18, 547 P.3d 298, 305 (Wyo. 2024) (citing *Tozzi v. Moffett*, 2018 WY 133, ¶ 36, 430 P.3d 754, 764 (Wyo. 2018); *Moore v. Lubnau*, 855 P.2d 1245, 1248 (Wyo. 1993); *Dockter v. Lozano*, 2020 WY 119, ¶ 28, 472 P.3d 362, 370 (Wyo. 2020)). The plaintiff must show: "(1) the accepted standard of care in the legal profession; (2) the attorney's conduct departed from that standard; and (3) the attorney's conduct was the legal cause of the [plaintiff's] injuries." *Kappes*, ¶ 18, 547 P.3d at 305 (quoting *Tozzi*, ¶ 36, 430 P.3d at 764). An attorney is "held to that degree of care, skill, diligence, and knowledge commonly possessed and exercised by a reasonable, careful, and prudent lawyer in Wyoming." *Scranton*, ¶ 25, 463 P.3d at 791 (citing *Moore*, 855 P.2d at 1250).

6

[¶23]   A party trying to establish the elements of a legal malpractice claim will typically need to present expert testimony.  *Id.*  Expert testimony is necessary because most lay people are not qualified to pass judgment on legal questions.  *Id.* (citing *Moore*, 855 P.2d at 1249; *Meyer v. Mulligan*, 889 P.2d 509, 516 (Wyo. 1995)).  A party would not need expert testimony only if a lay person's "common sense and experience are sufficient to establish the standard of care."  *Id.* (quoting *Bevan v. Fix*, 2002 WY 43, ¶ 40, 42 P.3d 1013, 1026 (Wyo. 2002)).

[¶24]   A lay person's common sense and experience would not be sufficient to establish the standard of care in this case.  This case involved issues about whether the vaccines could cause or aggravate Ms. Williams's MS, the applicable statute of limitations and whether it could be overcome with a refiled petition, the requirements of the National Vaccine Injury Compensation Program, whether double damages were available, and whether Mr. Gage caused injury to Ms. Williams.  These are not matters of common sense or in the experience of the average lay person.  Because Ms. Williams failed to designate an expert, she would not be able to present evidence of the appropriate standard of care.  She would also be unable to show whether Mr. Gage adhered to that standard of care or whether he caused her injury.

[¶25]   Indeed, the general rule is expert testimony is necessary to demonstrate the causation element.  *Scranton,* ¶ 25, 463 P.3d at 791 (citation omitted).  The plaintiff must employ another attorney to prove the underlying action would have been successful, but for the attorney's misconduct.  *Id.* (quoting *Horn v. Wooster*, 2007 WY 120, ¶ 9, 165 P.3d 69, 72 (Wyo. 2007)).  The damages available to an aggrieved client from a negligent attorney are the amount the client would have expected to recoup if his underlying action had been successful.  *Id. (*citing *Horn,* ¶ 15, 165 P.3d at 74).  Without an expert, Ms. Williams would be unable to provide any of this type of evidence to a jury.

[¶26]   Thus, Mr. Gage met his burden.  Ms. Williams then did not rebut Mr. Gage's prima facie showing because the failure to designate an expert was fatal.  Summary judgment was appropriate.

## ISSUE 3

**Should this Court consider Ms. Williams's assertions related to privacy act violations?**

[¶27]   Ms. Williams asserts Mr. Gage breached multiple privacy laws and W.R.C.P. 5.2 related to privacy protections in filings he made with the court.  Ms. Williams did not raise this issue in the district court.  Generally, we will not consider an issue raised for the first time on appeal unless it is jurisdictional or "of such a fundamental nature that it must be considered."  *Sharpe v. Evans*, 2025 WY 70, ¶ 14, 570 P.3d 731, 736 (Wyo. 2025) (quoting

*Evans v. Sharpe*, 2023 WY 55, ¶ 42, 530 P.3d 298, 312 (Wyo. 2023)). "We follow this rule because it is unfair to reverse a ruling of a trial court for reasons that were not presented to it, whether it be legal theories or issues never formally raised in the pleadings nor argued to the trial court." *Id*. (quoting *Stevens v. Governing Body of Town of Saratoga*, 2025 WY 35, ¶ 62, 566 P.3d 166, 180 (Wyo. 2025)) (citation modified). Ms. Williams's argument is neither jurisdictional nor fundamental; thus, we decline to consider it for the first time on appeal.

## CONCLUSION

[¶28] We affirm.